## LOUGHRIDGE v. THE STATE.

514

No. 15584.   NOVEMBER 13, 1946.

James R. Venable, Frank A. Bowers, and Jackson L. Barwick, for plaintiff in error.

Eugene Cook, Attorney-General, W. H. Lanier, Solicitor-General, and Margaret Hartson, contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The evidence was sufficient to authorize the verdict.

■ There was evidence that, when the accused and his companion drove off in the car, they carried the handbags of both the deceased and Humphries, and that when the car was found about an hour later the handbag of the deceased was gone. Humphries testified that both handbags were similar, and that, though he had not looked in the handbag of the deceased, he could tell there was something in it, and that you could put four or five uniforms in that kind of a handbag. An objection to this evidence upon the ground of its being a conclusion of the witness was without merit. Code, § 38-1708.

■ An employee at Tattnall Prison was permitted to testify that the accused had escaped from the prison on August 16, and was not there on August 20, the date of the homicide, and that at the time of the escape three shotguns and a pistol were carried away.

Such evidence was not subject to the objection that it placed the character of the accused in evidence. As illustrating a motive, scheme, or plan for this homicide, it was permissible for the State

to show that three or four days prior thereto the accused had escaped from the penitentiary along with others and that guns and a pistol had been taken therefrom. The accused having left the prison, and a pistol having been taken therefrom at that time, this was relevant evidence to furnish a motive for the homicide, as illustrating a plan or scheme to further facilitate the escape by procuring an automobile in this manner. To admit evidence of such conduct, is not in violation of the Code, § 38-202. *Bradberry* v. *State,* 170 *Ga.* 859 (2) (154 S. E. 344), and citations.

(a) Nor was it subject to the objection that the records of the prison would be the highest and best evidence of whether or not the accused was in prison on the day of the homicide. "It is not contrary to the best-evidence rule that oral testimony of a fact in issue may be primary evidence of the fact, although there is also written evidence of the same fact, where the essential fact to be proved is neither the existence nor the contents of the writing, but the existence of the independent fact itself, as to which the writing is merely collateral or incidental." *Hicks* v. *Hicks,* 196 *Ga.* 541, 544, (3) (27 S. E. 2d, 7).

■ Nor was the testimony of a prison guard, that the accused was not in prison on August 29, when the witness began work there, and that the first time the witness saw the accused was when he was brought in from his escape, subject to the objection that the prison records would be the highest and best evidence. *Hicks* v. *Hicks,* supra.

■ It was insisted that the venue of this crime was not proved. Humphries testified: "I stopped my automobile off of the pavement on the highway we were traveling [between Louisville and Wadley], and on the right-hand side of the paved highway." James Hubbard testified: "All points on the highway between Wadley and Louisville are in Jefferson County." This was sufficient evidence to establish the venue. *Dickerson* v. *State,* 186 *Ga.* 557 (2) (199 S. E. 142) ; *Martin* v. *State,* 193 *Ga.* 824 (4) (20 S. E. 2d, 266), and citations. *Judgment affirmed. All the Justices concur.*