37314. SKINNER POULTRY COMPANY *et al.* v. MAPP.

DECIDED NOVEMBER 5, 1958—REHEARING DENIED
DECEMBER 16, 1958.

*John M. Williams*, for plaintiffs in error.

*O. W. Roberts, Jr.*, contra.

QUILLIAN, Judge. The award of the compensation board is predicated upon two findings of fact: (1) that the claimant failed to carry the burden of showing that he gave his employer the notice required by Code § 114-303; (2) that the claimant failed to carry the burden of proving he sustained an accidental injury arising out of his employment, because his testimony that the accident occurred on a certain day was in conflict with the employer's record, the records being the highest and best evidence.

The first finding is, in my opinion, supported by no evidence. The rule is stated in *Davison-Paxon Co.* v. *Ford*, 88 *Ga. App.* 890, 892 (78 S. E. 2d 257), "The required notice need not be given with a view to claiming compensation, and is sufficient if it puts the employer on notice of the injury so that it may make an investigation if it sees fit to do so. *Railway Express Agency* v. *Harper*, 70 *Ga. App.* 795 (29 S. E. 2d 434)."

Here the claimant put the employer on notice of facts that he had a back trouble. The employer did not give him opportunity to present his claim that it arose out of an accident connected with his employment. Nevertheless the employer accepted the notice as sufficient, but, according to his own testimony, instituted an investigation on the basis of the notice to ascertain whether the claimant had sustained a compensable injury. He inquired of the claimant's physician as to whether the injury was one covered by his workmen's compensation insurance.

The Board of Workmen's Compensation showed by the statement in the finding of fact that it incorrectly applied a rule of evidence in weighing the evidence pertaining to the issue of whether the claimant sustained an accidental injury arising out of his employment. The finding of fact contains the conclusion: "The payroll records would be the highest and best evidence as to employment and in view of the conflict in the testimony of the claimant and the payroll records it would not be possible for the claimant to have incurred an injury on the 25th day of August since his employment ceased on August 20th."

. The assumption of the board that the employer's records, or the testimony of an employer's witness that the records showed the claimant was not working on the date of his injury was higher and better evidence than the testimony of the claimant and other witnesses that he was working on that particular day is obviously erroneous. The testimony of a party to a transaction is as high and good evidence as to a particular fact as the purported records of the opposite party. *Walker* v. *State*, 11 *Ga. App.* 251 (2) (74 S. E. 1100); *Loughridge* v. *State*, 201 *Ga.* 513 (3a) (40 S. E. 2d 544).

Therefore the finding of the board that the claimant did not carry the burden of showing he sustained an injury arising out of his employment was predicated upon an erroneous theory.

The Supreme Court has definitely settled the question that where there is competent evidence to support a particular finding of fact, though the compensation board predicates its finding upon an erroneous theory, the award will not be set aside. *American Mutual Liability Ins. Co.* v. *Sisson*, 198 *Ga.* 623 (32 S. E. 2d 295).

The claimant insists that the finding of the board that he did not sustain an accidental injury arising out of his employment was predicated upon the erroneous assumption that the proof that he was at work on the day he claimed to be injured was essential to his right of compensation.

The right of a claimant to compensation is not necessarily barred because he cannot definitely fix the date of the accident resulting in his disability, either because he cannot remember the precise time when the accident occurred or because the accident was of such nature that there is difficulty in ascertaining with complete accuracy when it happened. *Ideal Mutual Ins. Co.* v. *Ray*, 92 *Ga. App.* 273 (88 S. E. 2d 428); *Carpenter* v. *Lockheed Aircraft Corp.*, 93 *Ga. App.* 213 (2) (91 S. E. 2d 199).

The essential element of proof as to the time when the accident happened is that it was within the statutory period prescribed by Code § 114-305. However, where as in this case, the claimant testified that he was injured on a particular day and describes in detail the manner in which the accident happened, proof that the accident did not occur on that date became a material, though

not necessarily controlling issue. Proof that on the date the claimant testifies he was injured he was not in the employer's service or was not performing the duties of his employment is evidence that may be considered in deciding whether he sustained an accidental injury arising out of his employment.

The evidence as it appears from the record would seem to preponderate rather pronouncedly in favor of the claimant's contention that he was present and at work in his employer's plant on August 25, 1956, the date on which he claims to have been injured. Nevertheless, the record or the bookkeeper's testimony, admitted without objection that the record was higher and better evidence as to the items or information contained therein, was some competent evidence that the claimant was not working on that particular day, and "some competent evidence", though slight and contradicted by both the evidence submitted by the claimant and even some of the employer's evidence, that the claimant did not sustain an accident arising out of his employment. There was yet other proof that constituted "some competent evidence" that the claimant did not sustain an injury while performing the duties of his employment.

While Dr. Boss testified that the claimant related to him the circumstances under which he was injured on August 25, 1956, he also testified that it could not for certain reasons have occurred on that date, and the doctor also at another point in his testimony gave the following evidence in reply to questions of counsel. "Q. When he came to you, what history did he give you? A. Well, he complained of having progressive back pain with leg radiation, as well as I remember of approximately four week duration. Q. Isn't it a fact that you questioned him specifically about involvement in any sort of accident? A. Yes sir, I did. Q. What was his reply? A. The only thing he could definitely remember and he wasn't sure about that, and he was very frank about it, was at one time, I think on pushing the cart to—I have forgotten whether it was a little hole in the floor or something on the floor, on pushing the thing he felt that transient catch or something of that nature in his back that immediately cleared up and it didn't bother him much, I don't think, for the next few days but maybe four days later he began

to have this pain that he had and that it gradually became progressively worse and I believe he was able to work without consulting any help for approximately four weeks. Now, I'm not definitely sure of those dates but it is around that. The director: Four days or four weeks? A. Four weeks—no, it was four days approximately after, approximately I think that he said after pushing the cart that he noticed that this thing began to bother him a little bit somewhere in the vicinity but it was around four weeks after this before he consulted any—or any medical aid. Now, that was the only specific thing in his history that was brought out and he said the only thing he didn't remember, he paid no attention to that. Q. He paid no attention and did not attribute his injury to that accident? A. Well, no, I mean in a situation like that, of course, he didn't think that particular thing could have caused it because it was four days later, you see."

Dr. David S. Wexler testified that: "A. History — well I asked him whether he had had any falls or accidents and he told me not that I remembered, I'm thinking of possibly some people working at such and such, you see, I'm trying to pinpoint as to where this thing might have happened."

The claimant testified: "A. And I went down to the doctor and he told me, he asked me how long my back been a bothering and I told him some time, you know like that; I said 'I've been having trouble with my back and didn't know the cause'."

While, as stated, we think the record shows a strong case for the claimant, despite the evidence above quoted, we are compelled to hold there was some competent evidence in the record upon which the award denying compensation could be based.

*Judgment reversed. Felton, C. J. and Nichols, J., concur.*