## 26978. SPURLIN v. THE STATE.

SUBMITTED FEBRUARY 14, 1972—DECIDED MARCH 9, 1972.

*Marshall L. Fountain,* for appellant.

*H. Reginald Thompson, District Attorney,* for appellee.

GRICE, Justice. This appeal is from the judgment of conviction and sentence for the offense of armed robbery. The appellant Ralph Spurlin was indicted by the grand jury of Jefferson County and was tried by a jury in the superior court of that county. The indictment alleged in substance that he and two others on a named date in that county unlawfully and with force of arms took from a named person a "1970 Chrysler Newport Sedan automobile . . . of the property of Richmond County, Georgia, of the value of $5000 by use of a pistol, the same being an offensive weapon . . ." For a related case see *Spurlin v. State,* 228 Ga. 2 (183 SE2d 765).

The appellant makes six enumerations of error.

■■ Two enumerations are similar and therefore may be considered together.

The first asserts that the trial court erred in overruling appellant's motion for continuance, made at the beginning of the trial, upon the ground that he had not had time to subpoena four witnesses in his behalf who were then confined in the Georgia State Prison at Reidsville. The second of these urges that the trial court erred in overruling appellant's motion, made during the testimony of a prosecuting witness, to subpoena a court record from Fulton County, Georgia.

In both of these motions denial was within the sound discretion of the trial judge and there is no showing here as to an abuse of discretion. Due diligence required efforts to secure the presence of these witnesses and the court record

in advance of the trial. It appears that the appellant had not made these matters known to his court-appointed counsel. These enumerations are clearly without merit.

■ The third enumeration insists that the trial court erred in overruling appellant's motion for directed verdict of acquittal upon the ground that venue of the offense charged was not proved to be within Jefferson County, Georgia. The evidence was sufficient to establish venue.

The victim of the robbery testified that when they were traveling in Jefferson County the appellant told him that all he and the co-indictees wanted was "the gun and the car," and that while there they held the gun on him and instructed him in the manner to proceed. It thus appears that the control of the vehicle was completely taken over from the victim in Jefferson County.

This evidence comports with the statute as to armed robbery (Ga. L. 1969, p. 810; *Code Ann.* § 26-1902). It provides in essential part that "A person commits armed robbery when, with intent to commit theft, he takes the property of another from the person or the immediate presence of another by use of an offensive weapon."

■ An enumeration states that the trial court erred in denying appellant's motion for mistrial upon the ground that he was brought into court and put on trial before a jury while dressed in prison clothes, which unlawfully put his character into evidence. This enumeration is likewise without merit. The appellant was not harmed by being dressed in prison clothes. The evidence showed that he was a prisoner while he and the others forced the victim, a deputy sheriff, to relinquish control of the vehicle en route to the Georgia State Prison.

Furthermore, the record discloses that this motion was not made until the close of the State's evidence and that prior to that time he made no complaint as to his dress. Therefore we can only conclude that the appellant waived any right he may have had to be dressed otherwise.

■ Another enumeration maintains that the trial court erred in the sentencing phase of the trial by admitting into

evidence an indictment for armed robbery and the sentence thereon from the Superior Court of Fulton County over objection and that these records had not been properly authenticated.

However, these documents show that they were certified not only by the named administrative assistant of the State Board of Corrections but also by a deputy clerk of the Superior Court of Fulton County. Therefore these met the requirements of *Code* § 38-601 as to certification and attestation by any public officer of all records in their respective offices to admit them in evidence.

■ The final enumeration is that the trial court erred in overruling the appellant's motion for new trial, as amended.

This motion embraces the same contentions that were made in the foregoing enumerations except for the general grounds of such motion.

These have been considered in the light of the evidence. We unhesitatingly hold that the evidence amply supports the finding of guilty. It shows that while the appellant and two other prisoners were being returned by a deputy sheriff in an automobile to the Georgia State Prison, the appellant and at least two other prisoners, one at gunpoint, overpowered the victim and took control of the vehicle from him.

We find no error was committed.

*Judgment affirmed. All the Justices concur.*