## 49682. KRIST v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of an attempt to intentionally escape from the Georgia Diagnostic and Classification Center in Butts County. His motion for new trial was overruled and he appeals. *Held:*

1. Defendant moved several days prior to trial that he be furnished civilian clothes to wear at the trial. Counsel for defendant made no request for a ruling on the motion until after he was brought into the courtroom in prison garb and remained so dressed during the impaneling of the jury. The motion was then overruled. Although a defendant has the right to appear at trial in civilian clothes rather than prison clothing, this right may be waived where there is a failure to assert it properly. *Spurlin v. State,* 228 Ga. 763 (187 SE2d 856); *Sharpe v. State,* 119 Ga. App. 222 (166 SE2d 645). Failure to attempt to invoke a ruling on the pre-trial motion until after defendant had already appeared before the jury in prison uniform would amount to a waiver of this procedural right. But even if the denial of the motion was error no harm has been shown as the crime of escape necessarily involves a defendant who has been confined in a lawful place of confinement. *Spurlin v. State* and *Sharpe v. State,* supra.

2. The defendant was not harmed by the trial court's comments doubting the defendant's claim of indigency as these comments were made outside the hearing and presence of the jury.

3. One of the special grounds of the motion for new trial was that the state denied defendant's counsel access

to a material witness who was then in custody of the state. This issue was raised for the first time in the motion for new trial. Defendant's counsel in a post-trial affidavit averred that during his investigation and preparation for trial, he learned that another prisoner was a material witness in this case; that he was permitted to meet with this potential witness but was informed by the warden of the confinement facility in which this prisoner was then lodged that he, the warden, had to be present during the interview; and that as a result of the warden's presence the prisoner refused to answer any questions. As this question was not raised during the trial, it cannot now be considered by this court. *Frashier v. State*, 217 Ga. 593 (124 SE2d 279); *Bobo v. State*, 106 Ga. App. 111 (126 SE2d 286).

4. Defendant offered in evidence the floor plans of the Butts County Diagnostic and Classification Center. The state objected on the grounds of institutional security. Counsel for defendant stated that he wanted to show by these plans that defendant could have been stopped at numerous places prior to exiting the building. The trial court sustained the objection noting that this evidence did not appear to be material or relevant. We agree. It is difficult to see where proof that defendant (who was apprehended while he was inside a garbage drum) could have been stopped at various gates by prison personnel could be relevant and material as a matter of defense to the crime alleged. In any event, the testimony of state's witness established the route of defendant's exit from the prison and a schematic drawing of the institution prepared by defendant was also admitted without objection. No error has been shown.

5. The evidence authorized the jury's verdict of guilty of an attempted escape.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED SEPTEMBER 10, 1974 — DECIDED OCTOBER 31, 1974.

*Harold E. Martin,* for appellant.
*Edward E. McGarity, District Attorney, Kenneth Waldrep, Assistant District Attorney,* for appellee.