## 51804. McKENZEY v. THE STATE.

Webb, Judge.

Howard McKenzey and Jessie Daniels were indicted for an escape from Georgia Industrial Institute alleged to have occurred on April 21, 1975. McKenzey was tried on August 20, 1975. The jury returned a guilty verdict with the recommendation that McKenzey be punished as for a misdemeanor and the court sentenced him to three years to be served consecutively to any sentence he was then serving.

Upon the overruling of his motion for new trial McKenzey filed notice of appeal in the Superior Court of Habersham County on November 17, 1975. The transcript of record was docketed in this court on December 1, and on December 19 the enumeration of errors and brief of appellant were filed.

We note for publication but without further comment that no brief was filed by the District Attorney of the Mountain Judicial Circuit within 40 days of the docketing of the appeal as required by Rule 16 (a) of this court, and that the district attorney made no appearance before this court for oral argument on February 4, 1976. It was not until February 24, 46 days after the time for filing of the appellee's brief had expired, that a two-page brief, in which no cases were cited as authority, was filed in response to McKenzey's ten enumerated errors.

1. McKenzey assigns error on the court's denial of his challenge to the array of jurors on the grounds that he had been brought into the courtroom in their presence in prison uniform and handcuffed. The district attorney contends that the challenge is without merit because the motion was not shown to be in writing as required by Code Ann. § 59-803.

Although the challenge was made orally, the record reveals that a written motion was filed prior to the hearing on McKenzey's motion for new trial, which presented the denial of the challenge as a ground. "[W]here a person accused of a crime is not afforded the opportunity to make appropriate objections to the illegal composition of the grand jury or the traverse jury before indictment or during the progress of the trial, he may raise the issue by motion for new trial or by habeas corpus proceedings." *Cobb v. State,* 218 Ga. 10, 22 (4) (126 SE2d 231).

It appears from the trial transcript that his attorney was unaware that McKenzey would be dressed in prison uniform and brought into the courtroom in handcuffs until he actually appeared, at which time the oral objection and motion for mistrial was made and overruled. Therefore we will consider the challenge on its merits.

(a) Insofar as McKenzey's appearance in prison clothing is concerned, "even if the denial of the motion was error no harm has been shown as the crime of escape necessarily involves a defendant who has been confined in a lawful place of confinement." *Krist v. State,* 133 Ga. App. 197 (210 SE2d 381); *Spurlin v. State,* 228 Ga. 763, 765 (4) (187 SE2d 856).

(b) We conclude, however, that the trial court erred in denying McKenzey's motion in regard to his appearance before some of the jurors while handcuffed. "[A] defendant being tried for a criminal offense on a plea of not guilty was entitled, at common law, to make his appearance free from all shackles or bonds. This is also the present rule, and the right is recognized as an important component of a fair and impartial trial." 21 AmJur2d 276, Criminal Law, § 240.[1] Every person charged with an offense against the laws of this state shall have a public and speedy trial by an impartial jury. Bill of Rights, Sec. I, Par. V (Constitution of Georgia, Code Ann. § 2-105).

---

[1]Former Code § 27-1401 provided that "No prisoner shall be brought into court, for arraignment or trial, tied, bound or fettered, unless the court shall deem it necessary, during his arraignment or trial." Ga. L. 1966,

Accordingly, "[A] defendant has a right to be tried in an atmosphere free of partiality created by the use of excessive guards except where special circumstances [exist], which in the discretion of the trial judge, dictate added security precautions. [Cit.]" *Allen v. State,* 235 Ga. 709, 711 (221 SE2d 405). We find no circumstances which would dictate the use of handcuffs in this case.

Although McKenzey was on trial for escape, the evidence established that his cell door was left unlocked at night and that he had on many occasions during his imprisonment been left unsupervised while he worked all day as a brick mason with numerous opportunities to escape. He denied under oath any attempt to escape, testifying that he and Daniels meant only to go to a bootlegger's house, which Daniels thought was near the pumping station where they were working, to get some whiskey and to return before they were missed.

Thus there was no "history of escape" to justify the use of restraint as shown in United States v. Bankston, 424 F2d 714 (5th Cir. 1970). Nor were there threats on the lives of the state's witnesses and on the trial judge as in *Allen v. State,* 235 Ga. 709, 711, supra. Furthermore, there was a clear showing through McKenzey's undisputed testimony that he was seen by some of the panel of prospective jurors as he was led in handcuffs into the courtroom, and no attempt was made by the trial judge to explain to the jury that seeing McKenzey handcuffed was to have no bearing on its consideration of the merits of the charge against him. Cf. *Starr v. State,* 209 Ga. 258, 259 (5) (71 SE2d 654); Yates v. United States, 362 F2d 578, 579 (4) (10th Cir. 1966); United States v. Acosta-Garcia, 448 F2d 395, 396 (1) (9th Cir. 1971).

We therefore hold that these security measures were not justified under the circumstances of this case and denied McKenzey a fair trial.

2. The trial court also erred in permitting the state, over defense counsel's objection, to question McKenzey as to his knowledge of a subsequent escape by his

pp. 430, 431, present Code Ann. § 27-1401, superseded the former section in its entirety and has nothing in common as to subject matter.

co-defendant Daniels in an attempt to impeach his testimony that he and Daniels intended to return.

The conduct of a joint conspirator after the alleged enterprise has ended is inadmissible against the other. *Wall v. State,* 153 Ga. 309 (5) (112 SE 142); *Smith v. State,* 230 Ga. 876 (199 SE2d 793). While "A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case," (Code § 38-1803), Daniels' subsequent escape, if there was one, was neither contradictory nor relevant to McKenzey's testimony or to the case being tried. See *Casey v. State,* 133 Ga. App. 161, 162 (2) (210 SE2d 375). The district attorney should not have been allowed to question McKenzey on this subject, of which he had no personal knowledge, and it should have been excluded from evidence.

3. It was not error to allow the Records Clerk of the Georgia Industrial Institute to testify that McKenzey was an inmate there on the date of the alleged escape. *Loughridge v. State,* 201 Ga. 513, 516 (3a) (40 SE2d 544). Also, "The testimony of a party to a transaction is as high and good evidence to a particular fact as the purported records of the opposite party," (*Skinner Poultry Co. v. Mapp,* 98 Ga. App. 772, 774 (106 SE2d 825)), and McKenzey's own testimony shows that he was an inmate. Therefore this evidence was not subject to the objection that certified prison records would be the highest and best evidence. *Loughridge v. State,* 201 Ga. 513, 516 (4), supra.

4. The remaining enumerations of error are without merit or are unlikely to occur upon retrial.

*Judgment reversed. Deen, P. J., concurs. Quillian, J., concurs in the judgment only, but not with all of the statements made therein.*

Submitted February 4, 1976 — Decided March 11, 1976.

*James T. Irvin,* for appellant.
*V. D. Stockton, District Attorney,* for appellee.