51984. GREEN v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction of two counts of first degree forgery.

1. The verdict and judgment were authorized, under the provisions of Code Ann. § 26-1701 (Ga. L. 1968, pp. 1249, 1287; 1969, pp. 857, 860), by evidence that the defendant uttered two personalized checks, five days apart, which named him as payee and which were blank when lost by the owner and purported drawer some 6 months earlier; that, in getting approval for the cashing of the checks from a grocery store official whom he knew, the defendant represented that he had been employed by the purported drawer and that the checks were payments of commissions for his services; and that the purported drawer did not know the defendant and had not employed him or authorized him to sign any checks for him for any purpose.

2. The appellant contends that a new trial should be granted because one of the jurors, after having answered the statutory questions of her voir dire, volunteered the information that she was employed by the auditors of the A & P Company, which cashed the forged checks.

Having satisfactorily answered the statutory questions on her voir dire, as provided by Code § 59-806, the juror qualified as a competent juror. *Spradlin v. State,* 90 Ga. App. 97, 101 (5) (82 SE2d 238) and cits. Furthermore, pretermitting the question of whether the juror could have been stricken for cause, the appellant has failed to carry his burden of showing that he was harmed by the judge's ruling that the juror was not disqualified; it appears from the record that the defendant had used only

13 of his 20 peremptory challenges when this juror's name was called, leaving 7 additional challenges with which he could have stricken the juror in question and any 6 of the others on the panel put upon him. *Evans v. State,* 222 Ga. 392, 401 (14) (150 SE2d 240); *Holloway v. State,* 137 Ga. App. 124 (4) (222 SE2d 898).

3. "Although a defendant has the right to appear at trial in civilian clothes rather than prison clothing, this right may be waived where there is a failure to assert it properly. *Spurlin v. State,* 228 Ga. 763 (187 SE2d 856); *Sharpe v. State,* 119 Ga. App. 222 (166 SE2d 645)." *Krist v. State,* 133 Ga. App. 197 (1) (210 SE2d 381).

Here, the defendant was represented at his trial by counsel, who permitted him to be brought into the courtroom in his prison uniform and remain there so dressed throughout the impaneling of the jury, then allowed the trial to commence without making any pre-trial motions to delay or continue the trial until he could obtain civilian clothing. Thus, the jurors had already been permitted to see the defendant in prison garb when the objection was first made, and the above-mentioned procedural right was thereby lost by waiver. See *Sharpe v. State,* supra, (1). Furthermore, the prison uniform consisted merely of plain, unmarked green coveralls, which the court properly ruled were not readily identifiable as prison garb.

The verdict and judgment were not error for any reason urged.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

Submitted April 5, 1976 — Decided April 23, 1976.

*J. Douglas Willix,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.