### 55722. FRANKLIN v. THE STATE.

SHULMAN, Judge.

This appeal is from appellant's conviction for armed robbery.

1. At the beginning of the trial, defense counsel moved for a mistrial, claiming that when appellant was brought into the courtroom the door to the detention area from which he was brought was opened so widely that the jury could see the bars of the detention cells. That amounted, counsel contended, to the same thing as bringing appellant into the courtroom in shackles. Citing *McKenzy v. State,* 138 Ga. App. 88 (225 SE2d 512), appellant asserts that the trial court's denial of the mistrial was reversible error.

In *McKenzy,* supra, the defendant was brought into the courtroom in prison garb, handcuffed. The situation in the present case was clearly not so egregious. Defense counsel insisted that the jury could see the bars. The trial judge, the prosecuting attorney and another person, who appears from the context of the colloquy to have been a bailiff, disagreed. The issue of whether a mistrial is required is a matter which is in the discretion of the trial court. *Starr v. State,* 209 Ga. 258 (5a) (71 SE2d 654); *Morris v. State,* 228 Ga. 39 (18) (184 SE2d 82). There being no showing that the trial judge abused his discretion, we find no cause for reversal.

2. Appellant's second enumeration of error, that the court failed to have the voir dire transcribed, is controlled adversely to him by *Watts v. State,* 141 Ga. App. 127 (1) (232 SE2d 590) and *Welch v. State,* 237 Ga. 665 (3) (229 SE2d 390).

3. Appellant's final enumeration of error, that the court's failure to have opening statements transcribed prevented the preservation of his objection to a remark of the prosecuting attorney, is equally nonmeritorious. "[T]he record shows no timely request that the argument of counsel be recorded and, in the absence of such a

request, the court reporter is not required to record the argument of counsel. Code Ann. § 27-2401. [Cits.]" *Montgomery v. State,* 140 Ga. App. 286, 288 (231 SE2d 108).

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED APRIL 11, 1978 — DECIDED JUNE 27, 1978.

*Saul, Blount & Martin, Percy J. Blount,* for appellant.

*Richard E. Allen, District Attorney, Stephen E. Curry, Steven L. Beard, Assistant District Attorneys,* for appellee.