## 64280. CARSWELL v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was indicted, tried, and convicted of armed robbery. From this conviction he appeals, enumerating the following as error: (1) the trial court's refusal to grant his motion for mistrial based upon his courtroom attire; (2) the admission into evidence of a pocketknife taken from his person shortly after the incident in question; (3) the alleged failure of the state to show that the robbery in question involved the use of an offensive weapon; and (4) the general ground that the verdict is not supported by the evidence.

---

1. Immediately before opening statements but after the impaneling of the jury, counsel for appellant moved for mistrial based on appellant's attire. It was asserted that appellant's mother had taken "some clothes" to the sheriff's department shortly before the trial of the case but that these clothes were never delivered to appellant. Appellant thus appeared in court wearing what the trial judge noted to be "a T-shirt of some sort, golf shirt, something like that, and regular pants." The court also noted that he was not dressed in "prison garb" and that his clothes appeared clean. After denying the motion, the trial judge stated that he would permit appellant to change clothes before the trial resumed. The record does not reflect whether appellant took the opportunity to change clothes.

Appellant attempts to equate the clothing he wore during the impaneling of the jury with prison clothing. While a defendant has the right to appear at trial in civilian clothes rather than prison clothing (*Krist v. State,* 133 Ga. App. 197 (210 SE2d 381)), we find nothing in the record in this case to indicate that appellant was attired in anything other than clean civilian clothing during all times he appeared in the courtroom. Consequently, we find no denial of appellant's right to appear in court in civilian clothing. Furthermore, appellant's motion for mistrial was not made until the jury had already been impaneled, and the trial judge immediately offered him the opportunity to change into more preferable clothing. Any objection based upon his attire prior to the motion for mistrial was clearly waived. *Green v. State,* 138 Ga. App. 466, 467 (226 SE2d 618); *Krist v. State,* supra, p. 197. The trial court did not err in denying appellant's motion for mistrial.

2. The trial court also did not err in overruling appellant's objection to the admission into evidence of a pocketknife recovered from appellant at the time of his arrest. Appellant was apprehended in the vicinity of the robbery approximately five minutes after it took place. At that time the arresting officer recovered the pocketknife from appellant's person. The robbery victim, who identified appellant as her assailant, testified that he placed a sharp object against her throat while perpetrating the robbery. She testified that she was subsequently cut on the hand several times in a minor fracas with appellant. In an oral statement made by appellant while in custody, he admitted to accomplishing the robbery with a knife and admitted that a knife was recovered from his person at the time of his arrest. Under these facts, the trial court properly admitted the knife into evidence. As long as the state presents sufficient evidence from which a rational trier of fact could conclude that the robbery was committed with the use of a knife, it makes no material difference whether the knife actually admitted into evidence was the one\

actually used or was only similar to the knife used by the defendant. *Davis v. State,* 230 Ga. 902, 905 (199 SE2d 779). The evidence was sufficient to authorize the jury to find that the knife admitted into evidence was the weapon used by appellant. *Katzensky v. State,* 228 Ga. 6, 9 (183 SE2d 749).

3. Appellant argues that the evidence at trial failed to demonstrate the use of an offensive weapon in the perpetration of the robbery in question. However, the facts recited in Division 2 of this opinion as well as other facts adduced at trial provided an ample basis upon which a rational trier of fact could have concluded beyond a reasonable doubt that the offense was committed by use of an offensive weapon. Code Ann. § 26-1902; Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

4. Appellant's final enumeration of error challenges the sufficiency of the evidence. As is readily seen from the above-stated facts, a rational trier of fact could have found appellant guilty beyond a reasonable doubt of all essential elements of the offense of armed robbery. This enumeration of error is without merit. Jackson v. Virginia, supra.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED SEPTEMBER 17, 1982 —
REHEARING DENIED OCTOBER 5, 1982 —

*Harry J. Fox, Jr.,* for appellant.
*G. Theron Finlayson, District Attorney,* for appellee.