## 46593. WEAKLEY v. THE STATE.

(378 SE2d 688)

Hunt, Justice.

Elbert Weakley, Jr. was convicted for the murders of his wife, Renee Weakley, and her sister, Lori Maxwell, and for the aggravated assault of Lori Maxwell's one-year-old daughter, Leann Maxwell.[1] He received consecutive life sentences for the murders plus a consecutive 20-year sentence for aggravated assault. He appeals, enumerating as error the sufficiency of the evidence, the state's use of testimony of an expert he had previously employed, and the admission of certain evidence.

The evidence, viewed in the light most favorable to the jury's verdict, showed the following. At the time of the crimes, the defendant and his wife were in the midst of a bitter, contested divorce. The defendant was angry with, and had threatened, his wife and her sister because of a dispute about his visitation rights with his two children. Earlier, he had talked about killing his wife. The victims were shot with the same weapon the defendant claims was stolen from him the day of the crimes. The authorities noted muddy footprints at the crime scene, and the defendant was seen wearing muddy tennis shoes on the night of the crime. Evidence at the crime scene indicated a left-handed perpetrator, and the defendant is left-handed. The defendant went to the crime scene with a friend after the murders, and showed no surprise on seeing the back door broken and the cable television and telephone lines cut, on being told his wife and sister-in-law had been murdered and on seeing that his sister-in-law's baby had been shot.

1. Based on the foregoing evidence, we conclude a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant contends the trial court erred by allowing a firearms expert he had retained to be called as a witness for the state. None of the expert's testimony concerned confidential communications between the defendant and the defendant's attorney. See *Frazier v. State*, 257 Ga. 690, 693 (8) (362 SE2d 351) (1987). The defendant's argument that the expert's testimony on the state's behalf violated his attorney-client privilege is meritless. See *Sabel v. State*, 248 Ga. 10, 18 (6) (282 SE2d 61) (1981); Agnor, Use of Discovery

---

[1] The defendant was indicted in Cherokee County on May 9, 1988, and tried before a jury August 8-13, 1988. His motion for new trial, filed September 7, 1988, was denied on September 8, 1988. The defendant's notice of appeal was filed October 10, 1988. The transcript was certified on November 6, 1988. The case was docketed in this court on January 11, 1989 and submitted for decision without argument on February 24, 1989.

Under the Georgia Civil Practice Act, § 3-11 (3rd ed. 1984).

3. The defendant claims error by the trial court's admission into evidence of a photograph and negatives from a roll of undeveloped film discovered by authorities in the defendant's wife's house. A chain of custody was established linking the film to the defendant and the defendant himself testified about what was depicted in the photograph. The trial court's decision, in the exercise of its sound discretion, that a sufficient foundation existed for the admission of the photograph was not error. See *Wigfall v. State*, 257 Ga. 585, 586 (2) (361 SE2d 376) (1987).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 4, 1989

*David L. Cannon*, for appellant.

*Garry T. Moss, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf*, for appellee.