S97A0059. SLADE v. THE STATE.
(485 SE2d 726)

CARLEY, Justice.

After a jury trial, Robert Slade was found guilty of the felony murder of Michael Glogowski and an aggravated assault on Patricia Watts. The trial court entered judgments of conviction on the jury's guilty verdicts and imposed consecutive sentences of life imprisonment without parole for the murder and a term of 20 years for the aggravated assault. Slade appeals.[1]

1. Slade urges that the trial court erred in denying his motion for directed verdict as to the felony murder count. There was evidence that the same gun used in the aggravated assault on Ms. Watts also

---

[1] The crimes occurred on September 23, 1995 and the grand jury indicted Slade on November 6, 1995. The jury returned its verdicts on August 6, 1996 and, on that same day, the trial court entered the judgments of conviction and imposed the sentences. Slade filed his notice of appeal on September 4, 1996 and this Court docketed the case on September 30, 1996. Slade submitted his appeal for decision on November 26, 1996.

was used in the murder of Mr. Glogowski. Ms. Watts testified that Slade committed the assault upon her and that he was jealous of Mr. Glogowski and had made serious threats against her and Mr. Glogowski. A neighbor of Ms. Watts saw Slade's car proceeding towards Mr. Glogowski's nearby home immediately after the assault on Ms. Watts. The evidence of Slade's guilt was more than sufficient to withstand the motion for directed verdict. The jury was authorized to find that Slade was guilty of the crimes charged beyond a reasonable doubt and to the exclusion of every reasonable hypothesis save that of guilt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Trice v. State*, 266 Ga. 102 (1) (464 SE2d 205) (1995); *Weakley v. State*, 259 Ga. 205 (1) (378 SE2d 688) (1989); *Anderson v. State*, 258 Ga. 70, 74 (16) (365 SE2d 421) (1988).

2. Slade contends that the trial court erred in denying his motion for continuance, but he relies entirely on documents which are not in the record. He asks this Court to remand, expressing the hope that he can "create a record for review" of this issue. The transcript does show that his trial counsel did offer to mark the documents as part of the record, but did not offer them into evidence. A party must offer into evidence those documents upon which he relies. *Bartlett v. State*, 165 Ga. App. 18, 19 (1) (299 SE2d 68) (1983). This Court cannot order the trial court to add to the record evidence which neither party has ever proffered. See *Harp v. State*, 204 Ga. App. 527 (1) (420 SE2d 6) (1992). Accordingly, we can neither remand for that purpose nor find that the trial court abused its discretion in denying Slade's motion for continuance.

3. At the beginning of the trial, the trial court asked whether there were any preliminary issues to be discussed and resolved before jury selection. Defense counsel referred to an issue that had been discussed in the pre-trial conference, but he neither identified that issue nor asked that it be considered at that time. When the trial court indicated that it would take up the otherwise unidentified issue after jury selection, defense counsel made no objection. The issue apparently involved Slade's appearance before the jury dressed in prison clothes, and that issue was taken up after jury selection. At that time, Slade made a motion for mistrial. Slade enumerates as error the trial court's denial of that motion.

Where defense counsel permits a defendant to be brought into the courtroom and remain there in his prison uniform throughout the impaneling of the jury, without making any pre-trial motions to delay or continue the trial, the procedural right to wear civilian clothing is lost by waiver and a motion for mistrial is properly denied. *Sharpe v. State*, 119 Ga. App. 222 (1) (166 SE2d 645) (1969). See also *Spurlin v. State*, 228 Ga. 763, 765 (4) (187 SE2d 856) (1972) (no motion until close of State's evidence); *Wilkes v. State*, 221 Ga. App.

390, 392 (2) (471 SE2d 332) (1996); *Carswell v. State*, 163 Ga. App. 743, 744 (1) (295 SE2d 548) (1982). Moreover, "[f]ailure to attempt to invoke a ruling on [a] pre-trial motion until after defendant had already appeared before the jury in prison uniform would amount to a waiver of this procedural right." *Krist v. State*, 133 Ga. App. 197 (1) (210 SE2d 381) (1974). See also *Powell v. State*, 199 Ga. App. 544 (405 SE2d 540) (1991). The record shows neither a motion on the issue of prison clothing nor an attempt to invoke a ruling on that issue until after Slade had already appeared before the jury in his prison uniform. Thus, Slade waived the procedural right to wear civilian clothing in the presence of the jury, and the trial court correctly denied his untimely motion for mistrial.

4. Slade also contends that the trial court erred in denying his challenge to the jury under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). This challenge was based upon alleged racial discrimination by the prosecutor in the exercise of his peremptory strikes. The trial court determined that Slade had not established a prima facie case of purposeful discrimination. Consequently, the trial court did not require the State to set forth a race-neutral explanation for each peremptory strike challenged.

The opponent of a peremptory strike must establish a prima facie case of purposeful discrimination before the proponent is required to articulate a race-neutral explanation for the strike. *Yorker v. State*, 266 Ga. 615, 616 (2) (469 SE2d 158) (1996). The opponent of the strike establishes "a prima facie case of purposeful discrimination 'by showing that "the totality of the relevant facts gives rise to an inference of discriminatory purpose." [Cit.]' [Cit.]" *Turner v. State*, 267 Ga. 149, 151 (2) (476 SE2d 252) (1996). In this case, the record reflects that the State employed 100 percent of its exercised strikes against black prospective jurors. Thus, the trial court should have required "the State to demonstrate what *other* factors would evince that the employment of 100 percent of its peremptory strikes against black prospective jurors was not racially motivated." *Smith v. State*, 263 Ga. 224, 226 (4) (430 SE2d 579) (1993). Since the trial court did not require the State to set forth race-neutral reasons before the trial, we remand the case to permit the prosecutor to do so. *Smith v. State*, supra at 227 (4).

5. Slade further contends that his trial counsel rendered ineffective assistance. Because the trial court did not appoint appellate counsel until after trial counsel had filed the notice of appeal, appellate counsel has raised this issue at the earliest practicable moment. Therefore, we remand this case to the trial court for an evidentiary hearing on Slade's claim of ineffective assistance of trial counsel. *Strong v. State*, 263 Ga. 587, 590 (6) (436 SE2d 213) (1993); *Hayes v. State*, 261 Ga. 439, 440, fn. 1, 446 (5) (405 SE2d 660) (1991). Com-

pare *Glover v. State,* 266 Ga. 183 (2) (465 SE2d 659) (1996).
*Judgments affirmed and case remanded. All the Justices concur.*

DECIDED APRIL 28, 1997.

*Garland & Milam, Richard G. Milam,* for appellant.
*Tommy K. Floyd,* District Attorney, *Blair D. Mahaffey,* Assistant District Attorney, *Michael J. Bowers,* Attorney General, *Allison B. Goldberg,* Assistant Attorney General, for appellee.