S98A1493. SLADE v. THE STATE.
(509 SE2d 618)

THOMPSON, Justice.

Robert Slade's judgments of conviction for malice murder and

aggravated assault were affirmed on appeal to this Court, but the case was remanded to the trial court for a hearing on his *Batson*[1] challenge and claim of ineffective assistance of trial counsel. *Slade v. State*, 267 Ga. 868 (485 SE2d 726) (1997). On remand, the trial court determined that the State offered race-neutral explanations for the exercise of its peremptory strikes, and that Slade received effective assistance of trial counsel. Finding no error, we affirm.

1. Slade, an African-American male, submits that the State violated *Batson* in exercising all of its four peremptory strikes to eliminate African-American members of the panel.

On remand, the prosecutor explained that he had personal knowledge at the time of voir dire that four prospective jurors were related to individuals who had been prosecuted by his office, and he exercised the four peremptory strikes to eliminate those jurors. One of the four jurors was excused for the additional reason that he was single, unemployed and had no visible means of support. The selected jurors consisted of eight white males and females, three African-American females, and one Hispanic.

We have held that prior convictions or arrest histories of a family member are sufficiently race-neutral reasons under *Batson* and *Henry v. State*, 265 Ga. 732 (2) (462 SE2d 737) (1995), and that a prosecutor's reasonable suspicions about a prospective juror's impartiality in that situation may well justify the exercise of a peremptory strike. *Davis v. State*, 263 Ga. 5 (10) (426 SE2d 844) (1993). Where a further explanation based on a juror's unemployment is coupled with other race-neutral reasons, we will not attribute to the State a discriminatory intent in excusing that juror. See *Redding v. State*, 219 Ga. App. 182 (1) (464 SE2d 824) (1995). Slade has not established that the explanations proffered by the State "were merely pretexts for purposeful . . . discrimination." *Henry v. State*, supra at 734. Accordingly, we find no *Batson* violation.

2. Slade contends that his trial counsel was ineffective in (a) failing to object to certain prejudicial testimony which was subject to valid hearsay objections; (b) failing to challenge the validity of a search warrant executed at an apartment alleged to be Slade's residence, and failing to move to suppress certain evidence seized pursuant to that warrant; (c) failing to proffer certain psychological documentation in support of a motion for continuance and thus failing to create a record for review; and (d) failing to object to the admission of bullets recovered from the crime scene which were never properly identified at trial.[2]

---

[1] *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

[2] Slade also asserts that counsel was ineffective in permitting him to remain in the courtroom in his prison uniform throughout the voir dire proceedings. See *Slade*, supra at

Trial counsel testified on remand that he made the tactical decision to refrain from objecting to the hearsay testimony because he believed an objection would draw undue attention to the statements; a portion of the hearsay testimony was not relevant to the case and did not harm the defendant; and he believed the hearsay was merely cumulative of other admissible evidence.

As for the failure to challenge the search warrant and items seized pursuant thereto, counsel testified that Slade advised him he did not reside at the address listed on the warrant. Since it was the intention of the defense that Slade would testify in his own behalf, trial counsel made the strategic decision to raise the validity of the warrant during the defense case. For the same reasons, counsel decided not to object to the admission of evidence seized pursuant to the warrant.[3] Counsel admitted that in hindsight "it probably would have been better had I objected," because Slade did not testify. However, counsel's strategic decisions were predicated on the circumstances as they existed at the time of trial.

"The standard regarding ineffective assistance of counsel is 'not errorless counsel and not counsel judged ineffective by hindsight, but counsel . . . rendering reasonably effective assistance.' [Cits.] In determining what constitutes ineffective assistance, a critical distinction is made between inadequate preparation and unwise choices of trial tactics and strategy." *Hudson v. State*, 250 Ga. 479, 486 (8) (299 SE2d 531) (1983). "Particularly in regard to matters of trial strategy and tactic, effectiveness is not judged by hindsight [or] result." *Williams v. State*, 214 Ga. App. 106 (446 SE2d 789) (1994). We find that counsel articulated valid strategic decisions as to the foregoing grounds, and that strategy did not amount to ineffective assistance.

As for the failure to tender psychological documents in support of a motion for continuance, counsel testified that on the eve of trial, Slade informed him that he was in possession of certain documents indicating that he may not be competent to stand trial. When counsel asked to see those records, Slade responded, "I'm saving these for my habeas." Nevertheless, on the morning of trial Slade's brother appeared with voluminous records which had not previously been given to counsel. Counsel moved for a continuance to review those documents, which the court denied. *Slade*, supra at (2). Although counsel did not offer the documents into evidence in support of his motion, id., he testified on remand that the records predated a court-

---

(3). However, because Slade expressly declined to present argument or evidence in support of this ground on remand, he has abandoned it.

[3] The evidence consisted of six bullets described as "similar" to bullets found at the crime scene.

ordered mental evaluation conducted on Slade for purposes of determining his competency to stand trial. The more recent court-ordered evaluation demonstrated his competency. At trial, the court stated that it would not grant a continuance based on six-month-old records brought to the court's attention on the morning of trial, characterizing the offer as a dilatory tactic. Thus, had counsel attempted to proffer the documents, they would not likely have persuaded the court to grant a continuance.

It is also highly unlikely that counsel's failure to object to admission of a State's exhibit consisting of two bullets had an effect on the verdict because they were among numerous other bullets and shell casings which were properly identified as having been recovered from the crime scene and which went out with the jury.

To establish a claim of ineffective assistance of counsel at trial, a defendant must show that defense counsel's performance was deficient and that this deficiency prejudiced his defense, depriving him of a fair trial. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985). And a trial court's finding that a defendant has received effective assistance of counsel will be upheld on appeal unless clearly erroneous. *Smith v. State*, 256 Ga. 483 (351 SE2d 641) (1986). After thorough review of the record, we affirm the trial court's findings.

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 4, 1998.

*Garland & Milam, Richard G. Milam,* for appellant.
*Tommy K. Floyd, District Attorney, Mark S. Daniel, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth L. Jaeger, Assistant Attorney General,* for appellee.