## 67546. DENNIS v. THE STATE.

QUILLIAN, Presiding Judge.

R. T. Dennis appeals his conviction for the offense of mutiny in a penal institution by assaulting Correctional Officer George Carnes — by striking him in the mouth with his hands and kicking him in the groin. Officer Carnes was escorting Dennis from the Office of Inmate Discipline to the 4th floor of the prison where he lived. Dennis asked to speak to another officer and then refused to return to his cell. Carnes started to leave to request assistance in returning Dennis to his cell. Dennis struck Officer Carnes with his hands, which were handcuffed together. Thereafter Dennis kicked Carnes in the stomach and in the groin. Two other officers subdued Dennis. Carnes was taken to the hospital. He required an operation for a hernia caused by the kick to his groin by Dennis. *Held*:

1. We find no error in the admission of a prior conviction of Dennis for aggravated assault on a peace officer. Before evidence of an independent crime is admissible two conditions must be met: (1) there must be evidence that the defendant was the perpetrator, and (2) there must be sufficient similarity or connection between the two that proof of the former tends to prove the latter. *State v. Johnson,* 246 Ga. 654 (272 SE2d 321). The main thrust of the defense in the instant case was that the mental condition of the defendant prevented him from forming the element of intent to cause serious injury to the officer. The previous conviction for aggravated assault upon another officer was admissible on the issue of intent. *Foster v. State,* 230 Ga. 666 (1) (198 SE2d 847).

2. Testimony of the prison psychologist was presented by the defendant that he had been diagnosed as a chronic paranoid schizophrenic. Schizophrenia is a psychosis, but a psychosis is not the equivalent of insanity — although they may be difficult to distinguish. Guttmacher, ALI Model Penal Code 171 (Commentary, Tentative Draft No. 4). It is a mental illness and is "a general term for any

major mental disorder of organic and/or emotional origin characterized by derangement of the personality and loss of contact with reality, often with delusions, hallucinations, or illusions." Dorland's Medical Dictionary (25th ed.). The insanity defense represents societal forgiveness (*Shirley v. State*, 149 Ga. App. 194, 203 (Dissent) (253 SE2d 787)) and is exactly what society says that it is — which is stated in a statute. Our statutory definition of insanity is contained in OCGA § 16-3-2 (formerly Code Ann. § 26-702): "A person shall not be found guilty of a crime if, at the time of the act, omission, or negligence constituting the crime, the person did not have mental capacity to distinguish between right and wrong in relation to such act, omission, or negligence." It is readily apparent that the elemental differences of "psychosis" and "insanity" show dissimilarity as well as similarity. However, the end result must always be the same, e.g., a mere showing of a medical psychosis does not establish legal insanity. See *Shirley v. State*, 149 Ga. App. 194, 199, supra (Dissent).

In the instant case the psychologist was unequivocal in his diagnosis of the defendant's psychosis, but said that he had no opinion as to his sanity at the time of the offense. Under the law of this state, an individual's sanity is presumed. OCGA § 16-2-3. Presentation of evidence to the contrary does not dissipate such presumption. *Potts v. State*, 241 Ga. 67, 82 (243 SE2d 510). Jurors are free to reject the testimony of lay and expert witnesses as to sanity of a defendant and rely instead on the presumption of sanity. *Durham v. State*, 239 Ga. 697, 699 (238 SE2d 334). Neither is the evidentiary criteria shown by the facts of the instant case which would be necessary to support a defense of delusional compulsion. *Graham v. State*, 236 Ga. 378, 379 (223 SE2d 803). Mental abnormality, such as the psychosis shown here, is not a defense to a crime unless it amounts to insanity. *Berryhill v. State*, 235 Ga. 549 (8) (221 SE2d 185); *Wallace v. State*, 248 Ga. 255, 262 (8) (282 SE2d 325). "The defendant bears the burden of showing, by preponderance of the evidence, that he was not mentally responsible at the time of the alleged crime." *Durham v. State*, 239 Ga. 697, 698, supra. He has failed to carry his burden. This enumeration is without merit.

3. The trial court authorized the defendant to be restrained in handcuffs and leg-chains during the trial. " '[A] defendant has a right to be tried in an atmosphere free of partiality created by the use of excessive guards [and restraint] except where special circumstances [exist], which in the discretion of the trial judge, dictate added security precautions.' " *Allen v. State*, 235 Ga. 709, 711 (221 SE2d 405); accord ABA Standards for Criminal Justice, Standards Relating to the Function of the Trial Judge § 5.3 (b). "It is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country." Illinois v. Al-

len, 397 U. S. 337, 343 (90 SC 1057, 25 LE2d 353). However, there is no question that every court has the power "[t]o preserve and enforce order in its immediate presence, and as near thereto as is necessary to prevent interruption, disturbance, or hindrance to its proceedings . . ." OCGA § 15-1-3 (1). And, where the court is familiar with the defendant's background of violent and disruptive behavior, it is within its sound discretion as to the necessity and extent of restraint to be imposed upon a disorderly defendant to prevent disruption of orderly court proceedings. United States v. Bankston, 424 F2d 714, 716 (5th Cir. 1970); United States v. Greenwell, 418 F2d 846 (4th Cir. 1969); see generally Annot. 90 ALR3d 17, Propriety & Prejudicial Effect of Gagging or Otherwise Physically Restraining Accused During Course of State Criminal Trial.

There was evidence of the plea of guilty of the defendant to a prior offense of stabbing a police officer with a deadly weapon, and the defendant had been indicted for the present offense of mutiny in a penal institution by an assault upon an officer with intent to cause serious bodily injury. In addition, the trial court had observed the defendant's conduct at the arraignment. He recited those facts for the record as his reason for the additional restraint imposed upon the defendant. "The purpose of the court allowing this to be done is that when he was brought before the Court at arraignment, it took several officers to handle him, to actually physically bring him into the courtroom and to take him out of the courtroom. That during the time he was being brought into the courtroom, at the time he was leaving the courtroom, he was calling the court officials and all other people present in the courtroom members of the Ku Klux Klan." " . . . [A]s I recall he had to be dragged in, kicking and screaming . . . Being subdued by some six or eight officers and based on that, his prior action in the court, the Court authorized him to be brought in" with handcuffs and leg chains.

The court charged the jury that he had authorized the additional restraint imposed upon the defendant and that they were to totally disregard such restraint in determining his guilt or innocence and erase that fact from their minds. He asked if they could disregard such restraint or if defendant's appearance in handcuffs and leg chains would prejudice them as to his case. There was no response.

At trial, where there is good and sufficient cause, the court has discretion in requiring a defendant to be handcuffed or shackled for security reasons. *Gates v. State*, 244 Ga. 587, 593 (261 SE2d 349); cf. Illinois v. Allen, 397 U. S. 337, supra. Abuse of discretion is the test on appeal where restraining devices have been used in the trial court. *Allen v. State*, 235 Ga. 709, 712, supra. Where, as here, there was evidence of prior assaults on police officials, prior disruptive misconduct before the court, evidence that the defendant was suffering from

a psychosis, and the trial court properly instructed the jury and received assurances of no adverse implications from such security precautions, we find no prejudicial error. *Carter v. State*, 155 Ga. App. 840, 841 (273 SE2d 417); ABA Standards for Criminal Justice, Standards Relating to the Function of the Trial Judge, § 5.3 (b).

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED APRIL 3, 1984.

*Jon Gary Branan*, for appellant.

*Dupont K. Cheney, District Attorney, Harrison W. Kohler, Assistant District Attorney*, for appellee.