### 67820. THOMAS v. THE STATE.

Sognier, Judge.

Appellant was convicted of armed robbery and appeals (1) on the general grounds. He also contends the trial court erred (2) by denying his motion to suppress evidence; (3) by denying his motion to examine, test and inspect physical evidence; (4) by forcing appellant to appear during trial wearing leg irons; (5) by refusing to question the jurors individually after an overnight recess as to whether they had inadvertent contact with anyone concerning the case or saw any news reports about the case; (6) by admitting several exhibits, over objection, when a proper foundation had not been laid and a chain of custody was not established; and (7) by charging the jury on conspiracy

when the evidence did not support such a charge.

The evidence disclosed that shortly after noon appellant and a female companion entered Wynne's Jewelry store in Griffin, Georgia. After asking to look at the largest diamond rings appellant grabbed the clerk by the neck and put a gun to her head. Appellant's companion took three trays of rings; they both then ran out of the store and drove off in a car. Mrs. Wynne got the car's license plate number and the police were notified. Appellant, his female companion and a third man were apprehended about 10 minutes later while driving north toward Atlanta. The three trays of rings were found in the car, and some rings were in the woman's purse; a loaded revolver was also found in the car. Appellant was identified positively by the clerk and by Mr. and Mrs. Wynne, who were in the store when the robbery occurred.

1. The evidence is more than sufficient to support the verdict and meet the standards of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends it was error to deny his motion to suppress the items found in his car as a result of a warrantless search. This enumeration of error is without merit.

There is no question that the police had sufficient information to raise an articulable suspicion that the car they stopped contained persons involved in the robbery. We have held that "articulable suspicion" is less than probable cause to make an arrest or conduct a search, but must be more than mere caprice or arbitrary harassment. *Allen v. State*, 140 Ga. App. 828, 830 (232 SE2d 250) (1976); *Smith v. State*, 159 Ga. App. 20, 22 (2) (282 SE2d 677) (1981). When appellant was stopped the three trays taken from Wynne's Jewelry were in plain view on the floorboard, and an open purse with rings visible in it was on the back seat. Appellant and his companions were then arrested. The Supreme Court of the United States has held that police can search the passenger compartment of a car without a warrant incident to a lawful arrest. New York v. Belton, 453 U. S. 454 (101 SC 2860, 69 LE2d 768).

3. Appellant filed a motion to examine, test and inspect the gun and pocketbook seized from appellant's car. He contends denial of this motion was error. We do not agree.

We note initially that appellant's motion did not specify what evidence he desired to examine, test and inspect, nor did he file a notice to produce pursuant to the provisions of OCGA § 24-10-26. Secondly, the right of a defendant to have an expert of his own choosing examine, test and inspect evidence is limited to cases where the evidence is critical and subject to varying expert opinion. *Sabel v. State*, 248 Ga. 10, 17-18 (6) (282 SE2d 61) (1981). We fail to see how the physical evidence in this case, namely, the purse, the gun, and photo-

graphs, could be subject to varying expert opinion, since there were no scientific tests conducted by the State on these items, nor was any expert testimony concerning such items presented. Accordingly, the rule enunciated in *Sabel* is not applicable under the facts of the instant case.

4. Appellant appeared for trial in leg irons, and made a motion that he not be required to appear before the jury wearing leg irons. He contends denial of this motion was error.

While a defendant in a criminal trial has the right to appear at trial free of physical restraints, *McKenzey v. State*, 138 Ga. App. 88, 89 (1(b)) (225 SE2d 512) (1976), where exceptional circumstances dictate added security precautions it is within the discretion of the trial judge to allow such added precautions. *Allen v. State*, 235 Ga. 709, 711 (221 SE2d 405) (1975). In the instant case the trial judge noted in denying appellant's motion that appellant had escaped three times — twice from the county jail and once from the courthouse while in leg irons. Under such circumstances, we find no abuse of discretion in requiring appellant to appear in leg irons. *Allen*, supra at 712. Thus, it was not error to deny appellant's motion.

5. After an overnight recess appellant requested that each individual juror be questioned as to whether they had had any inadvertent contact with anyone concerning the case, whether any juror had access to any news reports about the case, or any conversations about the case contrary to the court's instructions. The trial court asked the full panel if they failed to understand and follow his precautionary instructions prior to the recess; no juror responded. Appellant then objected to the fact that no individual inquiry was made of each juror. This contention has been decided adversely to appellant in *State v. Hutter*, 251 Ga. 615, 617 (307 SE2d 910) (1983), where it was held that the right to an individual response — not to an individual question — is the substance of what is required by OCGA § 15-12-133. Thus, there was no error.

6. Appellant contends it was error to admit the gun, purse and two photographs into evidence without first laying a proper foundation for their admission.

With regard to the gun and purse, those items were identified as the gun and purse used in the robbery and found in appellant's car when he was apprehended about 10 minutes after the robbery. Where a distinct physical object can be identified by the senses, there is no chain of custody requirement. *Starks v. State*, 113 Ga. App. 780, 781 (1) (149 SE2d 841) (1966); *Ramey v. State*, 238 Ga. 111, 113 (4) (230 SE2d 891) (1976).

As to the photographs objected to, witnesses testified that the photographs truly and accurately depicted the three ring trays and the purse found in appellant's car. The quantum of evidence required

to sufficiently identify photographs as true and accurate representations of what they purport to depict is a matter within the discretion of the trial judge. *Johnston v. State*, 232 Ga. 268, 270-71 (1) (206 SE2d 468) (1974). We find no abuse of discretion here.

7. Lastly, appellant contends it was error for the court to charge on conspiracy, as such a charge was not warranted by the evidence. We do not agree.

The evidence disclosed that prior to the actual robbery appellant went into Wynne's Jewelry, asked to look at the best diamond rings, and then departed. Appellant's female companion and another man apprehended with appellant followed this same procedure. Shortly thereafter appellant and his female companion entered the store and committed the robbery, taking only the best diamonds that had been shown to them previously. We believe such evidence is sufficient to show, at least circumstantially, the existence of a conspiracy between the three persons involved. Where there is any evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue. *Smith v. Lott*, 246 Ga. 366, 367 (271 SE2d 463) (1980); *Williams v. State*, 156 Ga. App. 17, 18 (2) (274 SE2d 71) (1980). Accordingly, there was no error.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED JUNE 25, 1984.

*Griffin E. Howell III*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney*, for appellee.