## A89A1058. CULBERTSON v. THE STATE.
### (386 SE2d 894)

CARLEY, Chief Judge.

After a jury trial, appellant was found guilty of five counts of aggravated assault upon a correctional officer and one count of possession of a weapon by an inmate. He appeals from the judgments of conviction and sentences entered by the trial court on the guilty verdicts and from the denial of his motion for new trial.

1. That appellant appeared at trial wearing prison clothing is not a basis for reversal, inasmuch as the evidence adduced at trial otherwise revealed that he was a prisoner. See *Spurlin v. State*, 228 Ga. 763, 765 (4) (187 SE2d 856) (1972); *Sharpe v. State*, 119 Ga. App. 222, 223 (1) (166 SE2d 645) (1969). "Where, as in this case, the prisoner was being tried for the offense of [possession of a weapon by an inmate] and for the offense[s] of [aggravated assault upon a correctional officer by use of the weapon], the jury of necessity was in-

formed of the prisoner's prior incarceration." *Wiggins v. Hopper*, 235 Ga. 85 (1) (218 SE2d 826) (1975). Because appellant had escaped on four prior occasions, we likewise "find no abuse of discretion in requiring [him] to appear in leg irons. [Cit.]" *Thomas v. State*, 171 Ga. App. 306, 308 (4) (319 SE2d 511) (1984). See also *Martinez v. State*, 189 Ga. App. 69, 72 (2) (375 SE2d 123) (1988).

2. Several potential jurors were employees of the Georgia State Prison. Because the crimes had occurred at the prison, appellant challenged these potential jurors for cause. The trial court's failure to sustain these challenges is enumerated as error.

The "limited police powers [of correctional officers] do not necessitate the imputation of possible bias as in the instance of full-time police officers." *Kent v. State*, 179 Ga. App. 131, 132 (345 SE2d 669) (1986). Merely that the potential jurors and the victims were employed at the same prison is not dispositive. See *Jordan v. State*, 247 Ga. 328, 340 (6) (fn. 16) (276 SE2d 224) (1981). The trial court did not err in overruling the challenges for cause.

3. The denial of appellant's motion for a directed verdict as to the charge of possession of a weapon by an inmate is enumerated as error.

Appellant was charged with possession of a "water bug." The evidence showed that a "water bug" is a homemade device for heating liquid by use of an electric current. The evidence also showed that appellant used a "water bug" to bring a liquid to a boil and then threw the boiling liquid at the officers. "Water bugs" are considered contraband at the prison, having been used to cause serious injury on prior occasions.

OCGA § 42-5-18 (b) provides that it is unlawful for an inmate, "to be in possession of a gun, pistol, or *any other weapon. . . .*" (Emphasis supplied.) A "weapon" is defined as "[a]n instrument of offensive or defensive combat, or anything used, or designated to be used, in destroying, defeating or injuring a person. . . ." Black's Law Dictionary (5th ed. 1979). Appellant contends that only the hot liquid that he threw, not the "water bug" that he used to heat the liquid, was a weapon. This contention has no more merit than the contention that only bullets, not guns, are weapons. "[A]lmost any implement . . . [can] be intended or used as a weapon. . . . We do not find the jury's apparent conclusion that the ['water bug'] was a weapon even [though not thrown itself] unreasonable under these circumstances." *United States v. Barnes*, 569 F2d 862, 863 (1) (5th Cir. 1978).

4. Appellant moved for a directed verdict as to one of the aggravated assault counts, urging that the evidence failed to show that the victim had been placed "in reasonable apprehension of immediately receiving a violent injury" from the "water bug." The denial of this motion is enumerated as error. From the officer's testimony, however,

a jury could have found that he was placed in reasonable apprehension of immediately receiving a violent injury "unless he retreat[ed] to secure his safety." *Johnson v. State*, 158 Ga. App. 432, 433 (280 SE2d 856) (1981). Accordingly, it was not error to deny the motion for a directed verdict.

5. In closing argument, counsel for the State made the following comment: "There has been no explanation really offered as to why it was done other than to harm the officers." Appellant enumerates as error the trial court's failure to declare a mistrial based upon this remark.

A mere comment on the accused's failure to rebut the State's evidence is not impermissible. See *Jones v. State*, 187 Ga. App. 132, 134 (2) (369 SE2d 509) (1988). See also *Ranger v. State*, 249 Ga. 315, 318 (3) (290 SE2d 63) (1982); *Russell v. State*, 184 Ga. App. 657, 658 (1) (362 SE2d 392) (1987). Under the circumstances and applying the appropriate test of *Turner v. State*, 258 Ga. 97, 101 (4) (365 SE2d 822) (1988), we hold that the trial judge properly denied a mistrial.

6. The trial court did, however, commit reversible error when it refused to give a written request to the effect that appellant's failure to testify should not give rise to a presumption against him. *Clay v. State*, 236 Ga. 398 (224 SE2d 14) (1976). Compare *Bigby v. State*, 146 Ga. App. 500, 501 (3) (246 SE2d 496) (1978).

*Judgments reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 25, 1989.

*Cheney & Cheney, Curtis V. Cheney, Jr.*, for appellant.
*Dupont K. Cheney, District Attorney, David C. Walker, Assistant District Attorney*, for appellee.