## A90A0742. MAPP v. THE STATE.
### (397 SE2d 476)

COOPER, Judge.

The charges against appellant, aggravated assault and felony obstruction of an officer, arose from an altercation involving appellant and a correction officer at a county correctional institute. After a trial by a jury, appellant was acquitted of aggravated assault, and convicted of felony obstruction of an officer. During the altercation between appellant and the officer, appellant, a man of approximately six feet, four inches tall and approximately two hundred fifty pounds, picked up the officer and threw him onto a concrete floor. The officer's head impacted the pavement, causing serious injury. Appellant appeared in the courtroom during the trial in prison garb and leg shackles. Appellant objected at trial to the use of the shackles and raises this as his sole enumeration of error on appeal.

"It is well established that 'the accused, while in the presence of the jury, should be free of indicia of guilt such as wearing shackles or prison garb, or being surrounded by uniformed security personnel, or anything else that might infringe upon the presumption that he is innocent. (Cit.)'" *Martinez v. State,* 189 Ga. App. 69 (2) (375 SE2d 123) (1988). "At trial, where there is good and sufficient cause, the court has discretion in requiring a defendant to be . . . shackled for security reasons. [Cits.] Abuse of discretion is the test on appeal where restraining devices have been used in the trial court. [Cit.]" *Dennis v. State,* 170 Ga. App. 630 (3) (317 SE2d 874) (1984).

Art. I, Sec. I, Par. XI of the Georgia Constitution mandates that "[i]n criminal cases, the defendant shall have a public and speedy trial by an impartial jury." " '(A) defendant being tried for a criminal offense on a plea of not guilty was entitled, at common law, to make his appearance free from all shackles or bonds. This is also the present rule, and the right is recognized as an important component of a fair and impartial trial.' [Cit.]" *McKenzey v. State,* 138 Ga. App. 88, 89 (225 SE2d 512) (1976). " '[O]ne accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on the grounds of official suspicion, indictment, continued custody or other circumstances not adduced as proof at trial.' [Cit.]" *Holbrook v. Flynn,* 475 U. S. 560, 567 (106 SC 1340, 89 LE2d 525) (1986). Appellant was entitled to have a trial free of restraint and "free of partiality created by the use of [shackles] except where special circumstances exist, which in the discretion of the trial judge, dictate added security precautions. [Cit.]" *McKenzey,* supra at 90.

While the trial court did note the imposing physical presence of the defendant, his status as a convicted felon and the fact that he was charged with a violent crime, there was no evidence that the defend-

ant had an escape history or attempted escape history or that he had threatened or struggled with any of the guards, court officials, or jurors. See *Martinez*, supra at 72; *McKenzey v. State*, supra at 90. Likewise, there is nothing in the record to reveal that at any stage of the trial appellant became disruptive so as to require the use of shackles. The denial of appellant's request to remove the shackles was based upon appellant's previous conviction, his physical presence and the opinion of him held by law enforcement authorities, not upon any specific actions of appellant justifying restraint. Further, the court made no attempt to explain to the jury that the shackles on the defendant should not affect the jury's consideration of the merits of the charges against him. See *McKenzey*, supra at 90. The trial court did not question the jury as to their continued impartiality once they had viewed the defendant in shackles, nor did the court take any measures to prevent the jurors from observing the defendant in the shackles, nor did the court reiterate and explain the presumption of innocence as it attached to appellant during the trial. See, e.g., *Hicks v. State*, 256 Ga. 715 (9) (352 SE2d 762) (1987); *Dennis*, supra at 632. Although defendant's counsel, as part of his objection to the shackles, did not specifically request any curative action by the trial court, it is our opinion that the trial court had a duty to take such curative actions once the jury was exposed to the vision of a shackled defendant. Considering all the circumstances of this trial, we determine that the shackling of appellant, which continued throughout the trial, injected partiality into the trial, infringed upon appellant's presumption of innocence and prevented the fundamental fairness which attends a trial by jury. Therefore, we respectfully determine that the trial court abused its discretion in allowing the defendant to be shackled without offering any curative action. We feel that defendant's right to be tried in "an atmosphere free of partiality," *McKenzey*, supra at 90, and the attendant presumption of innocence was infringed, consequently we reverse the conviction.

*Judgment reversed. Banke, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 19, 1990.

*Mark G. Pitts*, for appellant.
*John R. Parks, District Attorney, R. Rucker Smith, Assistant District Attorney*, for appellee.