## A91A0548. HICKS v. THE STATE.
(409 SE2d 82)

Pope, Judge.

Defendant William Michael Hicks appeals from his conviction for child molestation. Defendant was first tried and convicted for molesting his stepdaughter in 1984. After an unsuccessful appeal to this court, defendant filed a habeas corpus petition with the Superior Court of Richmond County, Georgia, which was granted. Defendant was retried in May 1989 and convicted again.

Prior to the second trial, the trial court issued an order sua sponte on May 8, 1989, in which he held that "[d]ue to the nature of the threats and the known past mental history of the defendant, the court deems it necessary that extreme caution be taken for the protection of everyone concerned with the trial of this case. . . . Wherefore, it is ordered that defendant shall be physically restrained at all times during the trial of this case. . . ." (Indention omitted.) On that same day, the trial court held a hearing in which it heard, inter alia, defense counsel's objections to the use of restraints. Defendant was shackled throughout his trial.

On appeal, defendant contends that the trial court erred in refusing to permit defendant to appear in court during trial without restraints and by failing to instruct the jury to disregard the restraints when considering defendant's guilt or innocence. We must agree that the use of restraints in this case and the trial court's failure to provide curative instructions to the jury concerning the use of restraints on defendant constitutes reversible error in this case.

As this court recently noted in *Mapp v. State*, 197 Ga. App. 7 (397 SE2d 476) (1990): " 'It is well established that "the accused, while in the presence of the jury, should be free of indicia of guilt such as wearing shackles or prison garb, or being surrounded by uniformed security personnel, or anything else that might infringe upon the presumption that he is innocent. (Cit.)" ' *Martinez v. State*, 189 Ga. App. 69 (2) (375 SE2d 123) (1988). 'At trial, where there is good and sufficient cause, the court has discretion in requiring a defendant to be . . . shackled for security reasons. (Cits.) Abuse of discretion is the test on appeal where restraining devices have been used in the trial court. (Cit.)' *Dennis v. State*, 170 Ga. App. 630 (3) (317 SE2d 874) (1984).

Art. I, Sec. I, Par. XI of the Georgia Constitution mandates that '(i)n criminal cases, the defendant shall have a public and speedy trial by an impartial jury.' ' "(A) defendant being tried for a criminal of-

fense on a plea of not guilty was entitled, at common law, to make his appearance free from all shackles or bonds. This is also the present rule, and the right is recognized as an important component of a fair and impartial trial." (Cit.)' *McKenzey v. State*, 138 Ga. App. 88, 89 (225 SE2d 512) (1976). ' "(O)ne accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on the grounds of official suspicion, indictment, continued custody or other circumstances not adduced as proof at trial." (Cit.)' *Holbrook v. Flynn*, 475 U. S. 560, 567 (106 SC 1340, 89 LE2d 525) (1986)." Id. at 7.

In this case, defendant admitted during a pretrial hearing that while he was incarcerated following his first trial, he wrote certain letters in which he threatened to "serve justice on those that destroyed my daughter, wife, and happy home" and discussed how "[t]he small town ended our happy, carefree world, and I fully intend to end theirs, or at least [w]reck it somewhat. This sounds sick. And it is, but I am sick, I'm sick of my daughter [having] to suffer for things she had no control over, I'm sick of what I've seen, but most of all I'm sick of everyone turning a deaf ear. So I've [come] to the conclusion that [vengeance] is just when justice is void." Certainly, such threats, especially in light of recent attacks against courts and judges, should not have been taken lightly by the court and it was reasonable for the court to impose additional security measures in this case. The record discloses, however, that the court neither considered intermediate security measures or alternate restraints even though defense counsel offered to suggest such measures for the court's consideration nor did the court take precautions to shield the restraints from the jury's view.

Defendant's physical stature is not threatening in itself, as defendant is five feet six inches tall and weighs approximately 155 pounds. Furthermore, defendant's left leg was totally paralyzed and his left arm was partially paralyzed at the time of trial. Defendant did not attempt to escape, make any verbal outburst or exhibit violent behavior either during or after his first trial. The Sheriff of Madison County testified that two uniformed deputies and he would be present during the trial and all of them would be armed. He further testified that two bailiffs would be present in the courtroom during trial. Thus, while additional security measures may have been necessitated by defendant's threatening letters, the use of obvious physical restraints was an abuse of discretion in this case. Accord *Potts v. State*, 259 Ga. 96 (3) (376 SE2d 851), cert. denied, ___ U. S. ___ (110 SC 214, 107 LE2d 166) (1989); *Mapp v. State*, supra; *McKenzey v. State*, 138 Ga. App. 88 (1b) (225 SE2d 512) (1976). Cf. *Hicks v. State*, 256 Ga. 715 (9) (352 SE2d 762), cert. denied, 482 U. S. 931 (107 SC 3220, 96 LE2d 706) (1987); *Allen v. State*, 235 Ga. 709 (221 SE2d 405) (1975);

*Barefoot v. State*, 175 Ga. App. 131 (3) (333 SE2d 13) (1985); *Dennis v. State*, 170 Ga. App. 630 (317 SE2d 874) (1984).

Furthermore, the decisions of this court make it clear that when physical restraints are necessary and are observed by the jury in a criminal case, the trial court must instruct the jury that the use of physical restraints on the defendant has no bearing on the defendant's guilt or innocence and should not be considered by them during their deliberations. Cf. *Barefoot v. State*, supra; *Dennis v. State*, supra; *McKenzey v. State*, supra. The record reveals that the trial court failed to so instruct the jury. For both these reasons, this case is remanded for a new trial.

*Judgment reversed. Cooper, J., concurs. Birdsong, P. J., concurs in judgment only.*

DECIDED JULY 11, 1991 —
RECONSIDERATION DENIED JULY 23, 1991.

*Floyd W. Keeble, Jr., David R. Sicay-Perrow*, for appellant.
*Lindsay A. Tise, Jr., District Attorney, Francis J. George, Assistant District Attorney*, for appellee.