S93A1732. KITCHEN v. THE STATE.
(436 SE2d 645)

CARLEY, Justice.

Appellant was indicted for felony murder in the commission of an aggravated assault, criminal attempt to violate the Georgia Controlled Substances Act by selling cocaine, and two counts of possession of a firearm during the commission of a crime. He was tried before a jury and found guilty of all counts. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.[1]

1. The first enumeration of error urges that the trial court "erred by conducting the trial . . . while appellant was restrained by leg chains."

Appellant objected to being tried while in restraints. However, "[a]t trial, the court has discretion in requiring a defendant to be handcuffed or shackled for security reasons. [Cit.]" *Gates v. State,* 244 Ga. 587, 593 (2) (261 SE2d 349) (1979). The record shows that, in an in camera hearing held by the trial court prior to ordering that appellant be restrained, information was provided by the chief deputy regarding the possible need for security in the courtroom. Appellant's counsel was present at the hearing and, according to appellant's own brief, the information which prompted the trial court's decision to order the restraint was appellant's statement to the chief deputy that "he was going to cause trouble." Appellant does not contend that this statement attributed to him by the chief deputy was false. The record also shows that appellant did not request an additional hearing,

> or attempt to refute the information on which the [trial] court acted. In these circumstances, [appellant] may not now complain that he was denied "an adequate opportunity" to be heard on the issue, or that his shackling was unnecessary.

*Moon v. State,* 258 Ga. 748, 755 (12) (b) (375 SE2d 442) (1988). We cannot hold that a trial court, having been informed that a defendant charged with a violent crime has stated that "he was going to cause trouble," abused its discretion in ordering that the defendant be re-

---

[1] The crimes were committed on February 22, 1993. Appellant was indicted on May 10, 1993. The guilty verdicts were returned on July 7, 1993. Appellant filed his notice of appeal on July 27, 1993. The case was docketed in this court on August 10, 1993 and was submitted for decision on September 24, 1993.

strained as a preventative security measure.

Appellant makes the further argument that, even if his physical restraint was otherwise authorized, the trial court nevertheless erred in failing to charge the jury that his placement in such restraint should not be considered in determining his guilt. The record reflects that no request was made by appellant for such instructions. "Counsel cannot sit by and permit some matter they could correct by timely action and later claim error." *Harris v. State*, 237 Ga. 718, 726 (6) (230 SE2d 1) (1976).

> While present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on . . . the failure to give instructions to the jury ([cit.]) this does not relieve him from the necessity of requesting instructions, . . . except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence.

*Spear v. State*, 230 Ga. 74, 75 (1) (195 SE2d 397) (1973). If requested to do so, a trial court should give a properly worded charge to the effect that a defendant's placement in physical restraint is to have no bearing on the determination of his guilt. Under the applicable procedure in this state, however, the failure to give such a charge without request is not reversible error, since, in the absence of such a charge, the jury is not otherwise left without proper guidelines for determining a defendant's guilt or innocence.

2. Appellant enumerates the general grounds.

Appellant admitted fatally shooting the victim while negotiating the sale of cocaine. Although appellant also testified that the victim had first attacked him with a knife and that he had only fired the shot in self-defense, no knife was ever found in the victim's possession or at the scene. Eyewitnesses to the events testified that they saw appellant shoot the victim but did not see the victim make any aggressive initial move against appellant. This evidence was sufficient to authorize a rational trier of fact to find proof, beyond a reasonable doubt, of appellant's guilt of the crimes he was charged with committing. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. All the Justices concur.*

SEARS-COLLINS, Justice, concurring.

I write separately to bring to the attention of the bench and bar the standards regarding restraint of defendants which have been set

forth by the American Bar Association, and to urge compliance with those standards. Specifically,

> [d]efendants and witnesses should not be subjected to physical restraint while in court unless the trial judge has found such restraint reasonably necessary to maintain order. If the trial judge orders such restraint, the trial judge should enter into the record of the case the reasons therefor. Whenever physical restraint of a defendant or witness occurs in the presence of jurors trying the case, the judge should instruct those jurors that such restraint is not to be considered in assessing the proof and determining guilt.

3 ABA Standards for Criminal Justice, § 15-3.1 (c) (2d ed. 1980).

Although the trial court did not state on the record his reasons for ordering restraints or instruct the jury regarding consideration of the restraints, however, I must agree with the majority that no reversible error was committed under Georgia law.

DECIDED DECEMBER 2, 1993.

*William R. Folsom,* for appellant.

*H. Lamar Cole, District Attorney, Bradfield M. Shealy, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Matthew P. Stone, Staff Attorney,* for appellee.