## A93A1718. PACE v. THE STATE.
(442 SE2d 307)

COOPER, Judge.

Appellant was found guilty by a jury of felony obstruction of a correctional officer and appeals his conviction and sentence.

The charge against appellant, a prison inmate, arose from an altercation between appellant and a correctional officer in which appellant threw a container of cleaning fluid in the officer's face. At trial, appellant contended he threw a cup of milk mixed with water at the officer because the officer was harassing him. The trial court required appellant to wear leg irons and a handcuff throughout the trial over defense counsel's objection.

1. Appellant contends the trial court's ordering him to appear before the jury in leg irons denied him a fair and impartial trial. As this court noted in *Mapp v. State,* 197 Ga. App. 7 (397 SE2d 476) (1990): "It is well established that the accused, while in the presence of the jury, should be free of indicia of guilt such as wearing shackles or prison garb, or being surrounded by uniformed security personnel, or anything else that might infringe upon the presumption that he is innocent. . . . A defendant being tried for a criminal offense on a plea of not guilty was entitled at common law, to make his appearance free from all shackles or bonds. This is also the present rule, and the right is recognized as an important component of a fair and impartial trial." (Citations and punctuation omitted.) *Mapp,* supra at 7.

"At trial, where there is good and sufficient cause, the court has discretion in requiring a defendant to be handcuffed or shackled for security reasons. Abuse of discretion is the test on appeal where restraining devices have been used in the trial court." (Citations omitted.) *Dennis v. State*, 170 Ga. App. 630 (3) (317 SE2d 874) (1984). "While the use of restraining devices does not always amount to error of constitutional dimensions, . . . the cases holding no error was presented by the use of such devices have always relied on detailed, demonstrable evidence set forth in the record to support the infringement by the court on the defendant's presumption of innocence." *Martinez v. State*, 189 Ga. App. 69, 72 (2) (375 SE2d 123) (1988).

In this case, prior to selection of the jury, defense counsel objected to appellant being required to appear before the jury in "leg irons and cuffs." The trial court heard from a prison administrative assistant who stated that appellant was considered "assaultive" and had a prior escape conviction. The prosecutor informed the court that appellant had been convicted of assault on a police officer and obstruction of a correctional officer. Defense counsel noted that appellant had not escaped from recent assignments to road crews.

There is no evidence, however, that appellant "threatened or struggled with any of the guards, court officials, or jurors." *Mapp*, supra at 8; see also *Martinez*, supra at 72. "Likewise, there is nothing in the record to reveal that at any stage of the trial appellant became disruptive so as to require the use of shackles. The denial of appellant's request to remove the shackles was based upon appellant's previous conviction[s], . . . and the opinion of him held by law enforcement authorities, not upon any specific actions of appellant justifying restraint." *Mapp*, supra at 8. Furthermore, there was no evidence that appellant attempted to escape from the trial. While there was evidence appellant had escaped in 1986, there was also evidence that he had since been given outside work details from which he had not escaped.

Because the record does not reveal any specific actions of appellant justifying the use of restraints, "we determine that the shackling of appellant, which continued throughout the trial, injected partiality into the trial, infringed upon appellant's presumption of innocence and prevented the fundamental fairness which attends a trial by jury." *Mapp*, supra at 8; see also *Hicks v. State*, 200 Ga. App. 602 (409 SE2d 82) (1991) (physical precedent only). Accordingly, we find the trial court abused its discretion in requiring appellant to wear leg irons throughout the trial and we remand this case for a new trial.

We further note that the trial court did not instruct the jury that the use of restraints should not be considered in assessing guilt or innocence. Defense counsel did not request such an instruction be

given to the jury, and the Supreme Court has recently held that it is not reversible error to fail to give such an instruction if the defendant does not so request. See *Kitchen v. State*, 263 Ga. 629 (1) (436 SE2d 645) (1993). However, as Justice Sears-Collins noted in her concurring opinion in *Kitchen*, the standards set forth by the American Bar Association provide that the trial judge should so instruct the jurors and, like Justice Sears-Collins, we urge compliance with those standards. See id. (Sears-Collins, J., concurring).

2. In light of our holding in Division 1, we need not address appellant's remaining enumerations of error.

*Judgment reversed. Smith, J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I concur in Division 2 and with the conclusion in Division 1 that defendant was unconstitutionally restrained. It was not shown that, in order for security to be maintained, defendant had to be restrained at trial with leg irons and a handcuff on the hand he would not need for writing. There is nothing in the record to show that these measures were minimized in any way in front of the jury, such as keeping defendant seated with the leg irons out of view in the jury's presence. Nor is it shown that a handcuff was necessary. There is nothing in the record indicating that the presence of guards would not be sufficient to assure order and security, which of course the court has the power to preserve and enforce. OCGA § 15-1-3 (1).

Although defendant had a long record, including aggravated assault and battery on officers (one lost two fingers in 1986 and one was stabbed in 1985), had struck an officer with his fist in 1989, had set fire to his prison bed in 1986, damaged his jail cell that same month, and had once escaped from jail in 1985 or 1986, some six years previously, the partiality created by his appearance in leg irons and handcuffs in this case outweighed the perceived need which the record does not substantiate insofar as his potential behavior at trial is concerned. There was no recent or immediate behavior by defendant which created the "good and sufficient cause" found present in, e.g., *Dennis v. State*, 170 Ga. App. 630, 632 (3) (317 SE2d 874) (1984), and none of his violence had occurred in court. Neither had the escape been from court. Nor does the record show that order and security could not have been assured by some other less restrictive means which would have protected the presumption of innocence. The leg irons and handcuffs were silent but strong inference-producing evidence against it.

The circumstances here, at least as developed in the record, do not constitute the good and sufficient cause which in this writer's opinion were present in *Reid v. State*, 210 Ga. App. 783, 788 (437

SE2d 646) (1993) (Beasley, P. J., concurring specially).

DECIDED MARCH 17, 1994.

*Cowart & McCullough, Hugh J. McCullough,* for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney,* for appellee.