## A94A1117. GUDE v. THE STATE.
(445 SE2d 355)

BIRDSONG, Presiding Judge.

Jessie James Gude appeals his conviction for burglary.

Law enforcement officers in Monticello, responding to an alarm at a doctor's office, saw appellant coming around the side of the doctor's building. When appellant saw the officers, he ran. Several officers chased appellant for several minutes before he was caught. Appellant's left arm was cut and had been bleeding. Nothing was taken from the doctor's office, but a window was broken; blood was found inside the building at the window, the curtains were pulled from inside the window to the outside, and a piece of black cloth was hanging from inside the window to the outside. This piece of cloth matched the black jersey which appellant was wearing when he was apprehended.

Appellant enumerates two errors on appeal. *Held*:

1. The trial court did not err in denying appellant's motion for directed verdict of acquittal on the burglary count. Appellant contends there is no evidence he entered the building, but a jury may find that he did enter the building, as blood was found on the floor

inside the window, the curtains were hanging outside the broken window from the inside as if pulled through by someone leaving through the window, and part of appellant's jersey was found hanging from inside the window. A directed verdict of acquittal is authorized only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions, demands a verdict of acquittal. OCGA § 17-9-1. That is, a directed verdict of acquittal is authorized only where there is *no* evidence to support a verdict of guilt. *Mathis v. State*, 204 Ga. App. 896 (420 SE2d 788). That is not the case here.

2. The trial court did not err in requiring appellant to be shackled with leg irons during trial and in the jury's presence.

A separate pretrial hearing was held on the State's request that appellant be shackled during trial because he was a "clear escape risk." The sheriff testified there was never a time that appellant had not run when he had a chance. Appellant had escaped twice from jail: once over a razor-wire fence, and a second time, he was mopping in the cell block and ran out just as the deputy opened the gate. He also ran to escape custody when he was a juvenile, even though he was handcuffed.

Appellant asserted below and argues here that he could not easily run from the courtroom, as there were only two doors to it: a revolving door which was difficult to exit under any circumstances, and one that led into a holding room which could be locked from the outside. Appellant also argued that deputies could be placed at the doors.

It is well established that the accused while in the presence of the jury shall be free of indicia of guilt such as shackles or prison garb, or being surrounded by uniformed security personnel or anything that might infringe on the presumption that he is innocent; but at trial, where there is good and sufficient cause, the court has discretion to require a defendant to be shackled. Abuse of discretion is the test on appeal. *Dennis v. State*, 170 Ga. App. 630 (317 SE2d 874). See *Thomas v. State*, 171 Ga. App. 306, 308 (319 SE2d 511), where we held the trial court did not abuse its discretion in requiring the defendant to wear leg irons at trial, because he had escaped thrice including "once from the courthouse while in leg irons."

In this case, evidence showed that appellant would run whenever he got a chance. In similar cases we have refused to find an abuse of discretion in the trial court's ruling. See *Culbertson v. State*, 193 Ga. App. 9 (1) (386 SE2d 894); *Thomas*, supra. It may seem to us unlikely that appellant would get such a "chance" to run, for the only unlockable door out of the courtroom was difficult to exit in any circumstance, but the trial court is more familiar with its courtroom than we are. This was the trial court's decision. The trial court apparently did not consider posting additional guards at that door or at the stairs to

the first floor, nor did it consider any alternative means of restraint, but the trial court knows its courtroom and its resources better than we. In the circumstances of this case, the trial court did not abuse its discretion in failing to consider alternative security measures before placing appellant in leg irons in his appearance before the jury, particularly when appellant did not insist or complain.

When the trial court ruled that it would put appellant in leg irons, it promised to give the jury curative instructions, and cautioned both the State and the defendant to remind him of this promise at trial. See *Hicks v. State*, 200 Ga. App. 602, 604 (409 SE2d 82) (physical precedent only) and cases cited. No curative instructions were given, but defense counsel did not remind the trial court to give curative instructions. The trial court's failure to give curative instructions is the fault of appellant. Moreover, at the end of the jury charge, the trial court asked if there were objections and appellant's counsel said there was none. Appellant cannot refrain from making a required objection and ignore what he perceives to be an injustice, take a chance on a favorable verdict, and then complain on appeal. *Ingram v. State*, 211 Ga. App. 252 (438 SE2d 708).

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 16, 1994.

*Timothy L. Lam*, for appellant.
*Joseph H. Briley, District Attorney, James L. Cline, Jr., Assistant District Attorney*, for appellee.