## A99A1180. CORBIN v. THE STATE.
### (525 SE2d 365)

PHIPPS, Judge.

Ronnie Corbin was convicted of aggravated assault upon a correctional officer. He appeals, raising five principal issues: (1) whether the trial court erred in ordering that he be restrained during his trial; (2) whether the trial court erred in admitting photographs of the officer's injuries, when the State had not disclosed the existence of the photographs to Corbin; (3) whether the trial court erred in denying Corbin a continuance to gather evidence to rebut the photographs; (4) whether the evidence was sufficient for conviction; and (5) whether his attorney was ineffective. We decide the first four issues against Corbin and remand the case to the trial court for consideration of the ineffectiveness issue.

On June 30, 1996, Marion Hardwick, a guard at Georgia State Prison, told Corbin, an inmate, that he was playing his music too loudly and that he must turn down his radio. Corbin refused. Hardwick referred the matter to a superior, who spoke with Corbin and got him to turn down his music. Later that morning as Hardwick walked past Corbin's cell, Corbin called to him and threw a boiling hot, oily liquid into his face. Hardwick suffered burns to his face, neck and shoulder. He was treated immediately after the incident at the prison emergency room and later at a physician's office.

1. On the day before trial, Corbin was transported from the prison to the trial court but was removed from the courtroom later because of his threatening behavior. As a result, the judge ordered that Corbin would be placed in restraints during trial. The next day, before the trial started, the prosecutor asked the judge to perfect the record regarding the use of restraints on Corbin during trial. A hearing was held during which a correctional officer testified that Corbin had threatened the judge and everyone with whom he came into contact the day before. Corbin's conduct had been video recorded, and the tapes were introduced at the hearing. At the conclusion of the hearing, the judge ruled, based on the testimony at the hearing and

his own observations of Corbin's conduct the day before, that "restraints [were] necessary to maintain order and provide for the safety of persons in the courtroom."

During its charge to the jury, the court instructed the jury to ignore the restraints in weighing the evidence and deciding Corbin's guilt or innocence.

> "[W]here there is good and sufficient cause, the court has discretion in requiring a defendant to be handcuffed or shackled for security reasons. Abuse of discretion is the test on appeal where restraining devices have been used in the trial court." [Cit.][1]

"[D]etailed, demonstrable evidence [must be] set forth in the record to support the infringement by the court on the defendant's presumption of innocence," however.[2]

Neither Corbin nor his lawyer objected to the imposition of restraints on Corbin. Thus Corbin waived the issue.[3] But we also find sufficient evidence in the record to demonstrate the necessity of placing restraints on Corbin. The trial court did not abuse its discretion in requiring Corbin to wear restraints during the trial.[4]

2. The prosecuting attorney has a duty to make available to the defendant, for inspection and copying, photographs which are within the possession, custody or control of the prosecutor and which the prosecutor intends to introduce at trial.[5] In response to Corbin's discovery requests, the State did not mention photographs of Hardwick's injuries. Instead, it said, "Evidence available for inspection at . . . Georgia State Prison."

At trial, Corbin objected to the introduction of the photographs, and the court found that the prosecutor did not give Corbin sufficient notice of their existence.[6] Nevertheless, the court allowed the State to introduce them. The judge reasoned, "[T]he pictures at most can just corroborate [Hardwick's] testimony." After the ruling, Corbin's attorney moved for a continuance "to find and produce whatever information I can that would rebut [the photographs]." The court denied the motion.

---

[1] *Pace v. State*, 212 Ga. App. 489, 490 (1) (442 SE2d 307) (1994).

[2] *Martinez v. State*, 189 Ga. App. 69, 72 (2) (375 SE2d 123) (1988); accord *Pace*, supra.

[3] See, e.g., *King v. Rowland*, 977 F2d 1354, 1357 (9th Cir. 1992) and cit.; accord *House v. State*, 170 Ga. App. 88-89 (1) (316 SE2d 483) (1984).

[4] See *Dennis v. State*, 170 Ga. App. 630, 632-633 (3) (317 SE2d 874) (1984) (court recited facts that defendant had struggled with guards at arraignment and insulted court officials, and court gave curative instruction regarding restraints).

[5] OCGA § 17-16-4 (a) (3).

[6] On appeal, the State does not assert that it complied with OCGA § 17-16-4 (a) (3).

OCGA § 17-16-6 gives trial courts wide latitude in remedying discovery violations by the State.[7]

> If at any time during the course of proceedings it is brought to the attention of the court that the state has failed to comply with the requirements of this article, the court may order the state to permit the discovery or inspection, interview of the witness, *grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed* or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances.[8]

> "In reviewing a trial court's decision as to whether to impose sanctions or take other corrective action as a result of the State's failure to comply with its discovery obligations, the appropriate standard of review is whether the trial court abused its discretion."[9]

Corbin did not show, and the record does not suggest, that the prosecutor acted with bad faith. Also we do not find that Corbin was prejudiced by lack of notice that the photographs would be introduced at trial. The State's discovery to Corbin included the incident report from Georgia State Prison, which indicated under "Medical Findings" that a hot liquid was thrown on Hardwick's face, neck and shoulder and that Hardwick's face and hands were "burning" when he was treated at the prison. When the photographs were admitted, Hardwick had already testified that he had been burned by the liquid Corbin threw on him. Corbin's attorney examined the photographs before they were admitted into evidence. Later in the trial, the nurse who treated Hardwick testified that when she saw Hardwick immediately after the incident, his face, neck and shoulder were red, and he appeared to her to have suffered first degree burns. In the absence of evidence of bad faith by the prosecutor and prejudice to Corbin, we do not find the trial court erred in admitting the photographs. Nor do we find that the court abused its discretion in denying Corbin's request for a continuance.[10]

3. Corbin challenges his conviction under general grounds and

---

[7] *Marshall v. State*, 230 Ga. App. 116, 118 (2) (495 SE2d 585) (1998).

[8] (Emphasis supplied.) OCGA § 17-16-6.

[9] (Citation omitted.) *Brown v. State*, 236 Ga. App. 478, 481 (3) (512 SE2d 369) (1999).

[10] See id. (upheld admission of photographs despite lack of notice, because no bad faith and prejudice); *Peeples v. State*, 234 Ga. App. 454, 456-457 (2) (507 SE2d 197) (1998) (denial of continuance upheld where "[it was] unclear from the record exactly how [the defendant] was prejudiced").

asserts that the evidence was insufficient to support his conviction. Under *Jackson v. Virginia*[11] the test for insufficiency of the evidence is: " 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' "[12] Corbin emphasizes that no heating element was found during a search of his cell after the incident and that the State did not introduce Hardwick's uniform to show it was stained with an oily substance. Nonetheless, we find that the evidence was sufficient to allow a rational trier of fact to find beyond a reasonable doubt that Corbin committed aggravated assault upon a correctional officer.

4. Corbin asserts that his trial attorney was ineffective in several respects. The trial court has never ruled on these issues. Corbin's original appellate counsel was allowed to withdraw. These issues were properly raised for the first time on appeal, but Corbin and his newly appointed appellate counsel did not have the opportunity to raise these issues in the trial court because counsel began representing Corbin after the notice of appeal was filed.[13] Under these circumstances, we remand this case to the trial court for a hearing solely on the issue of ineffective assistance of counsel.[14] Corbin will have the right to appeal an adverse ruling.[15]

*Judgment affirmed and case remanded. Pope, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 15, 1999.

*Samuel G. Oliver,* for appellant.

Ronnie Corbin, *pro se.*

*J. Thomas Durden, Jr., District Attorney, James S. Archer, Assistant District Attorney,* for appellee.

---

[11] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[12] (Citation and emphasis omitted.) *Gray v. State*, 213 Ga. App. 507, 509 (1) (445 SE2d 328) (1994).
[13] See *King v. State*, 238 Ga. App. 575, 577 (4) (519 SE2d 500) (1999).
[14] Id.
[15] Id.