## A01A0423. ALLEN v. THE STATE.
(545 SE2d 629)

MIKELL, Judge.

Patrick Lavon Allen was convicted of burglary by an Emanuel County jury. Allen was sentenced to serve 20 years, 14 in confinement and the remainder on probation. On appeal, Allen challenges the trial court's denial of his motion for new trial. Further, Allen argues that he did not receive a fair trial because he was required to wear leg shackles during the trial and the trial judge failed to give curative instructions pertaining thereto. Because we find that the trial judge abused his discretion ·by requiring Allen to wear leg shackles, we reverse Allen's conviction and remand the case for a new trial.

On appeal, "this court views the evidence in the light most favorable to support the verdict, and an appellant 'no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.' "[1]

So viewed, the evidence shows that between 6:00 p.m. on August 14, 1998, and 8:00 a.m. on August 15, 1998, L. A. Brett & Sons, Inc.

---

[4] *Smith v. State*, 207 Ga. App. 55, 57 (2) (427 SE2d 48) (1993).
[1] (Citation omitted.) *Dumas v. State*, 239 Ga. App. 210 (1) (521 SE2d 108) (1999).

was burglarized. William Brett, the co-owner of the store, testified that money was taken from the store's cash register and safe. Further, Brett testified that he did not know Allen; consequently, Allen would not have had permission to enter the store at the relevant time.

Detective Richard Peacock of the Swainsboro Police Department investigated the burglary. Detective Peacock testified that he found fingerprints on a toolbox in the store. The fingerprints were lifted on August 15, 1998, and were sent to the Georgia Crime Lab on August 19, 1998. The state's fingerprint expert witness testified that the fingerprints were compared with those in the automated fingerprint identification system ("AFIS"). The second AFIS search resulted in a match with Allen's fingerprints.[2]

Allen was arrested on February 11, 1999. Allen was fingerprinted, and his prints were sent to the crime lab. The state's expert witness testified that based on his comparison of the fingerprints, there was a 100 percent match between the fingerprints taken from Allen after his arrest and those taken from the toolbox.

1. Allen contends that his conviction should be reversed because it was contrary to and against the weight of the evidence. We disagree. A person commits the offense of burglary when, without authority or with intent to commit a felony or theft therein, he enters any building.[3] In light of the testimony of the store owner and the state's expert witness, we find that the evidence was sufficient for the jury to conclude beyond a reasonable doubt that Allen was guilty of burglary.[4]

2. In spite of the sufficiency of the evidence, however, we must reverse because in shackling Allen, the trial court violated his constitutional right to be tried by an impartial jury.[5] Before the trial commenced, the state argued that Allen was a flight risk and moved to restrain him with ankle shackles. The state also noted for the record that the trial was being held in the small auxiliary courtroom and that the defendant's table was near the exterior doors. Defense counsel objected to the use of the shackles.

In support of its position, the state offered the testimony of the chief jailer of Emanuel County, Bruce Spearman. Spearman testified that Allen made bail on the charge at issue in the trial. Further,

---

[2] The first AFIS search produced a list of potential candidates that did not include Allen. The state's expert witness explained that there was no match during the first search because the database contained only Allen's thumb prints. Subsequently, they received Allen's full prints from Cobb County, which facilitated the match found during the second search.

[3] OCGA § 16-7-1 (a).

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] U. S. Const., Amend. VI; Ga. Const. of 1983, Art. I, Sec. I, Par. XI.

while out on bail, Allen was suspected of several thefts and ran from the sheriff's department and city police when they attempted to apprehend him. Allen was finally apprehended in Cobb County. On cross-examination, however, Spearman admitted that Allen had made no escape attempts while at the Cobb County jail nor had he threatened or attacked any of the prison guards. Also, since Allen's return to the Emanuel County jail, Allen had not attempted to escape. Nonetheless, based upon Spearman's testimony and the close proximity of the defense table to the courtroom's exit doors, the trial court found that Allen was a flight risk and granted the state's motion.

> It is well established that the accused, while in the presence of the jury, should be free of indicia of guilt such as wearing shackles or prison garb, or being surrounded by uniformed security personnel, or anything else that might infringe upon the presumption that he is innocent.[6]

Where such restraints are imposed, there must be "demonstrable evidence set forth in the record to support the infringement by the court on the defendant's presumption of innocence."[7] On appeal, the standard of review applied where restraining devices have been used in the trial court is abuse of discretion.[8]

We have found that the trial court abused its discretion in ordering the defendant to wear ankle restraints during trial in several cases. In *Mapp*, we found an abuse of discretion where the trial judge's order was based on the defendant's prior conviction, his physical presence, and the opinion of him held by law enforcement authorities.[9] In *Pace*, we reversed the conviction where the trial court's order that the defendant wear leg shackles was based on testimony that the defendant was assaultive and had a prior escape conviction.[10] In *Hicks v. State*,[11] we found an abuse of discretion where the defendant wrote letters during a previous incarceration threatening to exact vengeance on the justice system.

In each of the cases, there were two pivotal facts: (1) there was no evidence that the defendants had threatened or struggled with guards, court officials or jurors;[12] and (2) there was no evidence that

---

[6] (Citation and punctuation omitted.) *Mapp v. State*, 197 Ga. App. 7 (397 SE2d 476) (1990).

[7] *Martinez v. State*, 189 Ga. App. 69, 72 (2) (375 SE2d 123) (1988).

[8] *Pace v. State*, 212 Ga. App. 489, 490 (1) (442 SE2d 307) (1994).

[9] *Mapp*, supra at 8.

[10] *Pace*, supra at 490 (1).

[11] 200 Ga. App. 602, 603 (409 SE2d 82) (1991).

[12] *Mapp*, supra at 8; *Pace*, supra at 490; *Hicks*, supra at 603.

the defendants were disruptive during trial or attempted to escape while in police custody.[13] These factors are also present in this case.

There is no evidence that Allen exhibited disruptive conduct at any time before the court or threatened anyone. Also, there is no evidence that while in police custody, Allen attempted to escape. Spearman testified that Allen was suspected of theft and ran away from the police before he was apprehended. However, in light of Allen's right "to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on the grounds of official suspicion, indictment, continued custody or other circumstances not adduced as proof at trial,"[14] we do not find that Spearman's testimony warranted the finding that Allen was a flight risk.

The only case cited by the state in support of its argument that the trial court properly exercised its discretion is *Gude v. State*.[15] There was evidence in *Gude* that the defendant ran from police immediately after committing the burglary, escaped twice from jail and had attempted to escape custody while wearing handcuffs when he was a juvenile.[16] Further, the appellant in *Gude* did not complain after he was placed in leg irons.[17] In this case, there is no evidence that Allen attempted to escape after his arrest in Cobb County. Nor did he attempt to escape from the Emanuel County jail. Also, defense counsel here objected to the use of the restraints. Accordingly, because Allen did not have an escape history and there was no indication that he intended to disrupt the trial, we find that the trial court abused its discretion in requiring that he wear leg shackles in the presence of the jury.

3. In his third enumeration of error, Allen contends that the trial court erred by failing to give curative instructions to the jury that the shackles should not be considered as evidence of his guilt. In response thereto, the state argues that there has been no showing that the jurors saw or were made aware of Allen's shackles. We reject the state's argument and agree with Allen that a curative instruction should have been given.

During the pretrial hearing in this case, defense counsel argued that the jurors would have an easy view of Allen's feet, legs and hands. This fact was not disputed by the state. Furthermore, in cases where the defendants have been shackled throughout their trials, we

---

[13] Id.; but cf. *Dennis v. State*, 170 Ga. App. 630, 632 (317 SE2d 874) (1984) (defendant struggled with the guards at his arraignment and insulted court officials); *Thomas v. State*, 171 Ga. App. 306, 308 (4) (319 SE2d 511) (1984) (defendant had escaped three times: twice from county jail and once from the courthouse while in leg irons).

[14] (Citations and punctuation omitted.) *Mapp*, supra.

[15] 213 Ga. App. 573 (445 SE2d 355) (1994).

[16] Id. at 574 (2).

[17] Id. at 575 (2).

have found an abuse of discretion without a specific showing, via juror testimony or the like, that the shackles were observed.[18] In *Mapp*, where defense counsel did not request curative instructions, as in this case, we stated: "[I]t is our opinion that the trial court had a duty to take such curative actions once the jury was exposed to the vision of a shackled defendant."[19] Further, in *Hicks*, we stated:

> [T]he decisions of this court make it clear that when physical restraints are necessary and are observed by the jury in a criminal case, the trial court must instruct the jury that the use of physical restraints on the defendant has no bearing on the defendant's guilt or innocence and should not be considered by them during their deliberations.[20]

In support of its argument, the state cites several cases, none of which involve a defendant who wore leg shackles or other restraints during his trial. Instead, the cases involve allegations that the jurors saw the defendants in restraints as the defendants were leaving or entering the courthouse.[21] Thus, these cases are not applicable. We note, however, the Supreme Court's ruling in *Kitchen v. State*[22] that the failure to give a curative instruction is not reversible error where, in the absence of the instruction, the jury is not left without proper guidelines for determining a defendant's guilt or innocence.

In *Kitchen*, the defendant told the chief deputy that " 'he was going to cause trouble.' "[23] The defendant did not contend that the statement attributed to him by the deputy was false, nor did he otherwise attempt to refute the information on which the trial court acted. Though *Kitchen* is inapposite here, as we did in *Pace*,[24] we again find instructive its concurrence. "[T]he standards set forth by the American Bar Association provide that the trial judge should so instruct the jurors and . . . we urge compliance with those standards."[25]

---

[18] *Mapp*, supra; *Hicks*, supra; *Pace*, supra.

[19] *Mapp*, supra at 8.

[20] *Hicks*, supra at 604.

[21] See *Curtis v. State*, 182 Ga. App. 899 (357 SE2d 602) (1987) (defendant moved for a mistrial because he was led into the courthouse wearing handcuffs); *George v. State*, 192 Ga. App. 840 (386 SE2d 669) (1989) (defendant moved for a mistrial because he was brought into a hallway adjacent to the jury room on the second morning of trial in shackles); *Cotton v. State*, 223 Ga. App. 288 (477 SE2d 425) (1996) (no evidence that the jury saw the defendant in shackles and handcuffs); *Casey v. State*, 237 Ga. App. 461 (515 SE2d 429) (1999) (defendant argued several jurors standing on the courthouse steps saw him as he was escorted to a patrol car in shackles).

[22] 263 Ga. 629 (1) (436 SE2d 645) (1993).

[23] Id.

[24] Supra at 491 (1).

[25] Id.

*Judgment reversed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 15, 2001.

*Lovett Bennett, Jr.,* for appellant.
*Steve Askew, District Attorney,* for appellee.