A91A0411. BREWER v. THE STATE.
(405 SE2d 899)

CARLEY, Judge.

After a jury trial, appellant was found guilty of aggravated assault upon a police officer, carrying a concealed weapon and carrying a pistol without a license. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. Appellant enumerates the general grounds as to his conviction for aggravated assault. However, the evidence adduced at trial was sufficient to authorize a rational trior of fact to find proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. A domestic disturbance had precipitated the events which ultimately resulted in appellant's arrest and prosecution. After the first day of trial, appellant again became involved in what his own counsel called "a loud violent confrontation" with family members. This confrontation occurred in the courthouse itself and in the parking lot and it had been necessary to restrain appellant. After making a general inquiry of the jury to determine whether it had observed or overheard this confrontation, the trial court denied appellant's motion for mistrial. The trial court did, however, order that appellant wear leg irons in the courtroom and this order is enumerated as error.

"At trial, where there is good and sufficient cause, the court has discretion in requiring a defendant to be handcuffed or shackled for security reasons. [Cits.] Abuse of discretion is the test on appeal where restraining devices have been used in the trial court. [Cit.]" *Dennis v. State*, 170 Ga. App. 630, 632 (3) (317 SE2d 874) (1984).

There was no abuse of discretion in the instant case. See *Allen v. State*, 235 Ga. 709, 711-712 (221 SE2d 405) (1975); *Collins v. State*, 164 Ga. App. 482, 484 (4) (297 SE2d 503) (1982).

*Judgments affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED MAY 15, 1991.

*A. Beth Ramshaw*, for appellant.

*Robert F. Mumford, District Attorney, Alan S. Clarke, Assistant District Attorney*, for appellee.