A94A2239. HALL v. THE STATE.
(450 SE2d 293)

McMURRAY, Presiding Judge.

Defendant Hall appeals his conviction of a felony offense of obstruction of a law enforcement officer (by doing violence to the person of a correctional officer). *Held:*

"[Defendant] first contends that he was denied a fair and impartial trial because he was required to wear leg irons [and be accompanied by prison guards] throughout the trial. 'Art. I, Sec. I, Par. XI of the (1983) Georgia Constitution mandates that "(i)n criminal cases, the defendant shall have a public and speedy trial by an impartial jury." ' ' '(A) defendant being tried for a criminal offense on a plea of not guilty was entitled, at common law, to make his appearance free

from all shackles or bonds. This is also the present rule, and the right is recognized as an important component of a fair and impartial trial.' (Cit.)" (Cit.) " '(O)ne accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on the grounds of official suspicion, indictment, continued custody or other circumstances not adduced as proof at trial.' (Cit.)" (Cit.) (The accused is) entitled to have a trial free of restraint and "free of partiality created by the use of (shackles) except where special circumstances exist, which in the discretion of the trial judge, dictate added security precautions. (Cit.)" (Cit.)' *Mapp v. State*, 197 Ga. App. 7 (397 SE2d 476) (1990). However, ' "where there is good and sufficient cause, the court has discretion in requiring a defendant to be handcuffed or shackled for security reasons. (Cits.) Abuse of (that) discretion is the test on appeal where restraining devices have been used in the trial court. (Cit.)" (Cit.)' *Brewer v. State*, 199 Ga. App. 710 (2) (405 SE2d 899) (1991)." *Reid v. State*, 210 Ga. App. 783, 784 (1) (437 SE2d 646).

The question of whether there are appropriate special circumstances such as authorize a trial court to require unusual security precautions which infringe upon the presumption that defendant is innocent requires detailed, demonstrable evidence set forth in the record. *Martinez v. State*, 189 Ga. App. 69, 72 (2) (375 SE2d 123). At the hearing on defendant's motion to be tried without the additional security precautions of leg irons and correctional officers in the courtroom, the State presented only one witness, a former administrative assistant at Roger's Correctional Institute where the incident giving rise to the offense at issue occurred. This witness testified that defendant was serving a sentence for armed robbery, had a security classification of "high max," and that based on this classification and the then pending charge which is now on appeal, she felt defendant would be a security risk in the courtroom. On cross-examination it became apparent that subsequent to the incident at Roger's Correctional Institute, defendant had been transferred to the Georgia State Prison, and the witness stated that the records to which she was referring indicated that after his transfer to Georgia State Prison, defendant had flooded his cell and had "projected liquid items, hot liquid items. . . ."

As to the incidents at Georgia State Prison, it is clear that the testimony was entirely hearsay and thus without probative value. *Harden v. State*, 210 Ga. App. 673, 675 (1) (436 SE2d 756). The bare fact of defendant's armed robbery conviction does not provide the exceptional circumstances authorizing the trial judge to put defendant on his trial in leg irons and accompanied by correctional officers. *Reid v. State*, 210 Ga. App. 783, 785 (1), supra. The general security classification assigned to defendant reflects the opinion held of defendant

by law enforcement officers and is not equivalent to reference to specific actions of defendant which might justify restraint. *Pace v. State*, 212 Ga. App. 489, 490 (1) (442 SE2d 307). Also, it is implicit from the holding in *Pace v. State*, supra, that the facts of the offense for which defendant was on trial could not provide the basis for extraordinary restraint of defendant. Furthermore, the sole witness conceded that defendant had made a number of prior court appearances during which he had caused no problem whatsoever and had demeaned himself as a gentleman with proper respect for the trial court. The circumstances presented in the record of the case sub judice do not reveal specific actions of defendant justifying the use of restraints. The trial court erred in directing that defendant be required to wear leg irons throughout the trial and also providing for the presence of correctional officers in the courtroom during trial. As we cannot conclude that the error was harmless, defendant's conviction must be reversed and the case remanded for a new trial.

*Judgment reversed. Pope, C. J., and Smith, J., concur.*

DECIDED NOVEMBER 16, 1994.

*Joseph D. McGovern*, for appellant.

*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellee.